This is an appeal from an action to enjoin Richard DeVoe from competing with his former employer by installing vinyl automobile roofs for another employer. The trial court granted the injunction. We reverse.
On April 30, 1979, Richard DeVoe entered into an employment contract with Pop's Vinyl Tops in Decatur, Alabama. The contract provided:
 "In consideration of the aftersaid Employment and the extensive training Employee shall receive in connection therewith Employee agrees that at no time while employed by Company nor within a two year period after the termination of such employeement [sic] will employee disclose any customer list or supplies to any person or firm, nor will he, within a five year period compete directly with Company or indirectly with Company in the business of selling, repairing, installing or manufacturing vinyl roofs within the areas of: Fifty mile radius of the city of Decatur, Alabama."
The contract also provided a weekly salary of $200.00. The contract did not provide a term of agreed employment, and thus was terminable at will.
DeVoe had little or no experience in installing vinyl tops. Mr. Cheatham, the owner of Pop's Vinyl Tops, taught DeVoe how to install the tops. The record indicates *Page 1142 
that DeVoe became proficient in the installation of tops, moldings and stripes on cars.
Mr. Cheatham terminated DeVoe's employment, in May, 1980, and rehired him six weeks later. Mr. Cheatham testified that he discharged DeVoe because DeVoe was overextending himself with other odd jobs. DeVoe testified that Cheatham had fired him because the company was not making enough profit to pay his salary. DeVoe voluntarily terminated his employment with Cheatham in November, 1980, and became employed by a competing vinyl top shop.
Cheatham and Pop's Vinyl Tops brought suit to enjoin DeVoe from competing. The trial court granted a preliminary injunction. On March 10, 1981, the trial judge entered a motion granting a permanent injunction for five years.
Section 8-1-1, Code 1975, provides:
 "(a) Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind otherwise than is provided by this section is to that extent void.
 "(b) One who sells the good will of a business may agree with the buyer and one who is employed as an agent, servant or employee may agree with his employer to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a specified county, city or part thereof so long as the buyer, or any person deriving title to the good will from him, or employer carries on a like business therein.
 "(c) Upon or in anticipation of a dissolution of the partnership, partners may agree that none of them will carry on a similar business within the same county, city or town, or within a specified part thereof, where the partnership business has been transacted."
This statute expresses the public policy of Alabama that contracts in restraint of trade are disfavored. See CullmanBroadcasting Co. v. Bosley, 373 So.2d 830 (Ala. 1979); Robinsonv. Computer Servicenters, Inc., 346 So.2d 940 (Ala. 1977), Hillv. Rice, 259 Ala. 587, 67 So.2d 789 (1953). The courts will not enforce the terms of such a negative covenant unless:
(1) the employer has a protectable interest;
 (2) the restriction is reasonably related to that interest;
(3) the restriction is reasonable in time and place;
(4) the restriction imposes no undue hardship.
See Code 1975, § 8-1-1; Id.
In the present case, the restriction is not enforceable because the employer, Cheatham, has no protectable interest in restraining DeVoe from working for another vinyl top business. In order to have a protectable interest, the employer must possess "a substantial right in its business sufficiently unique to warrant the type of protection contemplated by [a] noncompetition agreement." Cullman Broadcasting Co. v. Bosley, 373 So.2d at 836.
The Restatement (Second) of Contracts § 188, Comment B (1979), explains when a promisee/employer has a sufficient interest to warrant protection:
 "The extent to which the restraint is needed to protect the promisee's interests will vary with the nature of the transaction. Where a sale of good will is involved, for example, the buyer's interest in what he has acquired cannot be effectively realized unless the seller engages not to act so as unreasonably to diminish the value of what he has sold. The same is true of any other property interest of which exclusive use is part of the value. . . . In the case of a post-employment restraint, however, the promisee's interest is less clear. Such a restraint, in contrast to one accompanying a sale of good will, is not necessary in order for the employer to get the full value of what he has acquired. Instead, it must usually be justified on the ground that the employer has a legitimate interest in restraining the employee from appropriating valuable trade information and customer relationships to which he *Page 1143 
has had access in the course of his employment. Arguably the employer does not get the full value of the employment contract if he cannot confidently give the employee access to confidential information needed for most efficient performance of his job. But it is often difficult to distinguish between such information and normal skills of the trade, and preventing use of one may well prevent or inhibit use of the other. . . . Because of this difference in the interest of the promisee, courts have generally been more willing to uphold promises to refrain from competition made in connection with sales of good will than those made in connection with contracts of employment."
If an employee is in a position to gain confidential information, access to secret lists, or to develop a close relationship with clients, the employer may have a protectable interest in preventing that employee from competing. But in the present case, DeVoe learned no more than the normal skills of the vinyl top installation trade, and he did not engage in soliciting customers. There is no evidence that he either developed any special relationship with the customers, or had access to any confidential information or trade secrets. A simple labor skill, without more, is simply not enough to give an employer a substantial protectable right unique in his business. To hold otherwise would place an undue burden on the ordinary laborer and prevent him or her from supporting his or her family.
In view of the facts of this case, we find that the trial court should not have granted injunctive relief. The judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.