Tommie Greenlee, Jr., appeals from a judgment of the trial court granting an injunction in favor of Tuscaloosa Office Products and Supply, Inc., in this action to enforce a non-competition covenant. We reverse and remand.
Tuscaloosa Office Products and Supply, Inc. (TOPS), is engaged in the sale of office supplies and equipment in the City of Tuscaloosa, which includes the sale and service of Canon copiers. On November 1, 1983, TOPS hired Greenlee as a technician to service and repair copiers and, shortly thereafter, entered into an employment contract with him which includes the following provisions:
 "Restrictive Covenant. For a period of 2 years after the termination of this Employment Agreement, the Employee will not, within a radius of 50 miles from the present place of business of the Employer, directly or indirectly, own, manage, operate, control, be employed by, participate in, or be connected in any manner with the ownership, management, operation, or control of any business similar to the type of business conducted by the Employer at the time of the termination of this Employment Agreement. In the event of an actual or threatened breach by the Employee of the provisions of this paragraph, the Employer shall be entitled to an injunction, restraining the Employee from owning, managing, operating, controlling, being employed by, participating in, or being in any way so connected with any business similar to the type of business conducted by the Employer at the time of termination of this Employment Agreement. Nothing herein shall be construed as prohibiting the Employer from pursuing any other remedies available to the Employer for such breach or threatened breach, including the recovery of damages from the Employee and the Employer of the Employee."
TOPS terminated Greenlee's employment on January 26, 1984, and the following month he was hired as a service technician by Weatherford Office Supply, Inc., a competitor of TOPS, also located in Tuscaloosa. TOPS subsequently brought suit to enforce the covenant. The trial court granted an injunction prohibiting Greenlee, for a period of two years, from
 "directly or indirectly owning, managing, operating, controlling, being employed by, participating in, or being connected in any manner with the ownership, management, operation, or control of any similar business to that conducted by Tuscaloosa Office Products and Supply, Inc., within a fifty (50) mile radius of the office of Tuscaloosa Office Products and Supply, Inc."[1]
Greenlee's motion for a new trial was denied, and he appeals.
Section 8-1-1, Ala. Code 1975, in pertinent part, reads as follows:
 "(a) Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind otherwise than is provided by this section is to that extent void.
 "(b) One who sells the good will of a business may agree with the buyer and one who is employed as an agent, servant or employee may agree with his employer to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer *Page 671 
within a specified county, city or part thereof so long as the buyer, or any person deriving title to the good will from him, or employer carries on a like business therein."
In DeVoe v. Cheatham, 413 So.2d 1141, 1142-43 (Ala. 1982), the Court, construing § 8-1-1, stated:
 "This statute expresses the public policy of Alabama that contracts in restraint of trade are disfavored. See Cullman Broadcasting Co. v. Bosley, 373 So.2d 830
(Ala. 1979); Robinson v. Computer Servicenters, Inc., 346 So.2d 940 (Ala. 1977); Hill v. Rice, 259 Ala. 587, 67 So.2d 789 (1953). The courts will not enforce the terms of such a negative covenant unless:
"(1) the employer has a protectable interest;
 "(2) the restriction is reasonably related to that interest;
 "(3) the restriction is reasonable in time and place;
"(4) the restriction imposes no undue hardship.
See Code 1975, § 8-1-1. . . .
 ". . . In order to have a protectable interest, the employer must possess `a substantial right in its business sufficiently unique to warrant the type of protection contemplated by [a] noncompetition agreement.' Cullman Broadcasting Co. v. Bosley, 373 So.2d at 836.
 "The Restatement (Second) of Contracts § 188, Comment B (1979), explains when a promisee/employer has a sufficient interest to warrant protection:
 "`The extent to which the restraint is needed to protect the promisee's interests will vary with the nature of the transaction. Where a sale of good will is involved, for example, the buyer's interest in what he has acquired cannot be effectively realized unless the seller engages not to act so as unreasonably to diminish the value of what he has sold. The same is true of any other property interest of which exclusive use is part of the value. . . . In the case of a post-employment restraint, however, the promisee's interest is less clear. Such a restraint, in contrast to one accompanying a sale of good will, is not necessary in order for the employer to get the full value of what he has acquired. Instead, it must usually be justified on the ground that the employer has a legitimate interest in restraining the employee from appropriating valuable trade information and customer relationships to which he had had access in the course of his employment. Arguably the employer does not get the full value of the employment contract if he cannot confidently give the employee access to confidential information needed for most efficient performance of his job. But it is often difficult to distinguish between such information and normal skills of the trade, and preventing use of one may well prevent or inhibit use of the other. . . . Because of this difference in the interest of the promisee, courts have generally been more willing to uphold promises to refrain from competition made in connection with sales of good will than those made in connection with contracts of employment.'
 ". . . A simple labor skill, without more, is simply not enough to give an employer a substantial protectable right unique in his business. To hold otherwise would place an undue burden on the ordinary laborer and prevent him or her from supporting his or her family."
In the present case, the restriction is not enforceable because the former employer, TOPS, has no protectable interest in restraining Greenlee's employment. The undisputed material facts show that Greenlee was hired by TOPS to service and repair copiers. He had no management or sales duties. He did not solicit new customers for TOPS, nor did he develop a special relationship with any of its existing customers. In the course of his brief three-month employment there, Greenlee had routine access to TOP's service files containing certain information, including the names of those customers who purchased *Page 672 
copiers under continuing maintenance agreements and the respective costs of those agreements. He also had access to the price and service life information concerning Canon parts. Subsequent to his termination at TOPS, Greenlee was hired by Weatherford and worked there as a service technician for approximately eight months until enjoined by the trial court. While there, he was in no way concerned with sales nor with the solicitation of new accounts. Greenlee never discussed with the officials at Weatherford, or anyone else, any of the information to which he had access while at TOPS, and there have been no reported instances of solicitation or interference with TOPS's customers.
Under these facts, TOPS does not have a legitimate interest in restraining Greenlee's employment. As the Court noted inDeVoe v. Cheatham, supra, "a simple labor skill, without more, is simply not enough to give an employer a substantial protectable right unique in his business." Greenlee only repairs copiers; he does not sell them. He did not develop a special relationship with any of TOPS's customers, and his brief access to its service files and parts information was merely incidental to the performance of his job. Furthermore, TOPS has shown no injury as a result of his employment with Weatherford. Enforcement of this restriction would, therefore, impose an undue hardship on Greenlee and prevent him from supporting himself and his family, with no concomitant benefit to TOPS. White Dairy Co. v. Davidson, 283 Ala. 63,214 So.2d 416 (1968).
The judgment of the trial court is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, JONES, ALMON, EMBRY, BEATTY and ADAMS, JJ., concur.
MADDOX, J., dissents.
[1] The injunction was ordered effective from January 26, 1984, the date Greenlee's employment was terminated, until midnight of January 25, 1986.