The majority holds that TOPS did not have a legitimate interest in restraining Greenlee's employment with Weatherford Office Supply, Inc., a competitor of TOPS, thereby reversing the holding by the trial court that the noncompetition agreement could be enforced.
There is evidence in the record, which could have been believed by the trial court, that the sale of copying machines is a very competitive business, and that Greenlee's present employer, Weatherford Office Supply, was constantly trying to gather as much information about its competitors as possible. As the majority correctly points out, Greenlee had "access to TOPS's service files containing certain information, including the names of those customers who purchased copiers under continuing maintenance agreements and the respective costs of those agreements."
In DeVoe v. Cheatham, 413 So.2d 1141 (Ala. 1982), which is relied upon by the majority, this Court, although refusing to uphold the noncompetition agreement in that case, nevertheless opined as follows:
 "If an employee is in a position to gain confidential information, access to secret lists, or to develop a close relationship with clients, the employer may have a protectable interest in preventing that employee from competing."
413 So.2d at 1143.
There is a significantly distinguishable characteristic, in my opinion, between DeVoe, where the employee was an installer of vinyl roofs on automobiles, and this case, where the employee is a trained technician who has the skill to repair copying machines, and who had "access to TOPS's service files containing certain information, including the names of those customers who purchased copiers under continuing maintenance agreements and the respective costs of those agreements."
In the leading case of Hill v. Rice, 259 Ala. 587,67 So.2d 789 (1953), this Court quoted from 36 Am.Jur., Monopolies,Combinations and Restraints of Trade, § 79, which provided, in part, as follows:
 "The fact that the employment is of such a character as to inform the employee of business methods and trade secrets which, if brought to the knowledge of a competitor, would prejudice the interests of the employer, tends to give an element *Page 673 
of reasonableness to a contract that the employee will not engage in a similar business for a limited time after the termination of his employment, and is always regarded as a strong reason for upholding the contract. * * * Employments which involve acquisition by the employee of confidential knowledge and acquaintance with the employer's clientele are regarded as peculiarly appropriate to restrictions against the use of such knowledge in competition with the employer."
Although I recognize the harshness of a rule that would prevent a person with a "simple labor skill" from working for a competitor, I believe that the trial judge in this case had sufficient evidence before him to conclude that Greenlee possessed more than a "simple labor skill." In fact, I believe that there was sufficient evidence from which the trial court could have concluded that Greenlee was a technician who possessed a "special skill"; therefore, I believe TOPS had a protectable interest, which the trial court was authorized to properly recognize. Consequently, I must respectfully dissent.