The trial court found a non-competition agreement valid and enforceable and enjoined defendants and their employees from doing business with plaintiff's customers for the six-month term of the agreement. One dollar damage for breach of the contract and $5,000 punitive damages were awarded in favor of the plaintiff and against both defendants. Defendants filed a motion to have the judgment reconsidered. Pending a ruling on that motion, plaintiff's petition for a rule nisi, alleging that the injunction had been violated, was denied. Within thirty days of the original order, the court vacated the injunction and denied the rule nisi but let the damage awards stand. Plaintiff's motion to reconsider *Page 763 
the amended decree was denied. Defendants appeal to have the damages awarded set aside. Plaintiff cross-appeals the vacating of the injunction.
The issues are: (1) whether the contract not to compete was a reasonable restraint on trade as required by § 8-1-1, Code of Alabama 1975, and therefore valid and enforceable; (2) whether defendant employer tortiously interfered with plaintiff's business by inducing defendant employee to leave his at-will employment with plaintiff and take a job with defendant employer; and (3) whether, in the absence of any ascertainable damage to plaintiff's business by defendant's actions, either defendant should be liable and subject to punitive damages. We answer those questions in the negative and reverse the judgment which awarded punitive damages to the plaintiff.
 FACTS
Tommy DeRamus had been employed as a salesman with two Birmingham radio stations for the two years preceding his employment as an advertising salesman with the plaintiff, Birmingham Television Corporation, d/b/a WBMG-TV (Channel 42). As a condition of his new employment, DeRamus signed an agreement stating that he would not work for any other radio or television station in the Channel 42 broadcast area for a period of six months after leaving Channel 42's employment. There was no other written contract of employment. At trial, Channel 42 testified that the defendant's employment was terminable at will by either Channel 42 or DeRamus.
DeRamus worked for Channel 42 for two months before taking a job as a salesman with defendant, Taft Television and Radio Company, Inc. (Channel 6). Channel 6 is a station with a much larger broadcast area than the plaintiff's, but is nevertheless a competitor. The evidence was uncontroverted that a factor in DeRamus's decision to leave Channel 42 and join Channel 6 was the role played by Jack Gunnels, the local sales manager at Channel 6. Gunnels had recently been promoted to his manager position and had need of a new salesman to take his old job. He sought out DeRamus and offered him a job. DeRamus accepted the offer, though advising Channel 6 of the agreement with Channel 42 not to compete. There was no evidence that Channel 6 employed DeRamus with the intention of injuring plaintiff's business or that plaintiff's business was in fact financially injured. DeRamus had only worked for Channel 42 for two months. The court found that the evidence of damage to Channel 42 was so speculative that an amount of damage could not be determined. There was evidence that the customer lists and other information which DeRamus brought to Channel 6 from Channel 42 were otherwise widely and publicly available; there was no evidence that Channel 6 used information, if any, gleaned by DeRamus from his employment by Channel 42 to gain any unfair competitive advantage with a resulting injury to Channel 42.
 APPEAL
The first issue presented by the primary appeal is whether the contract not to compete is valid and enforceable. Generally, restrictive covenants not to compete are prohibited in Alabama. § 8-1-1(a), Code 1975. An exception to this general rule is that "one who is employed as an agent, servant or employee may agree with his employer to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer." § 8-1-1(b), Code 1975. This exception is subject to the general common law rule that contracts restraining employment are looked upon with disfavor,Hill v. Rice, 259 Ala. 587, 67 So.2d 789 (1953), and are subject to a test of reasonableness. White Dairy Co. v.Davidson, 283 Ala. 63, 214 So.2d 416 (1968). Each contract must be tested on the facts of that particular case as to whether the restriction upon one party is greater than necessary for the reasonable protection of a substantial interest of the other party. Robinson v. Computer Servicecenter, Inc.,346 So.2d 940 (Ala. *Page 764 
1977). Courts will enforce the terms of a covenant not to compete if: (1) the employer has a protectible interest; (2) the restriction is reasonably related to that interest; (3) the restriction is reasonable in time and place; and (4) the restriction imposes no undue hardship on the employee.James S. Kemper Co. S.E. v. Cox Associates, 434 So.2d 1380
(Ala. 1983) (hereinafter cited as Kemper).
The contract that DeRamus signed reads as follows:
 "The undersigned, being employed by WBMG-TV (Company) as a[n] Account Executive, and being a key employee of the Company, hereby agrees that, in the event of leaving employment of the Company, for whatever reasons, he/she agrees that he/she will not, without the prior written consent and approval of the Company, become employed by or associated with (in a comparable position) any other broadcast company which owns or controls directly or indirectly any FCC licensed broadcast facility in the ADI/DMA (television) or TSA (radio) market for a period of six months after leaving employment of the Company."
We hold that such a contract, when applied to DeRamus, is an unreasonable restraint of trade in violation of § 8-1-1 and is therefore invalid and unenforceable. Our supreme court has said that to have a protectible interest the employer must possess a substantial right in its business sufficiently unique to warrant the protection of post-employment restraint of an employee. It is generally stated that justification for such restraint must lie in the prevention of the appropriation by the employee of valuable trade secrets, information and customer relationship gained or learned through his employment and which could be utilized in subsequent employment to the substantial detriment of the present employer. Kemper v. Cox,supra. Devoe v. Cheatham, 413 So.2d 1141 (Ala. 1982). Our review of the evidence finds it insufficient to support the finding of a substantial protectible interest of Channel 42 in restraining the employment of DeRamus by Channel 6. We consider that the evidence as to alleged trade secrets, confidential information and customer lists given to or learned by DeRamus during his brief two-month employment were not so substantial or unique as to rise to the status of protectible interest, but in fact, were matters or information common to others in the business and were known to or easily obtainable by such others.Greenlee v. Tuscaloosa Office Products and Supply, Inc.,474 So.2d 669 (Ala. 1985). Contracts restraining employment are disfavored because they tend not only to deprive the public of efficient service, but tend to impoverish the individual.Kemper, supra. To entirely restrict the defendant from employment as a television time salesman in the Birmingham environs for a period of six months is not reasonably related to Channel 42's protectible interest and imposes a severe and undue hardship on the defendant who is twenty-five years old and recently married. The restriction is even more unreasonable in light of the fact that DeRamus could be discharged at any time without cause and without recourse. Rice v. UnitedInsurance Co. of America, 465 So.2d 1100 (Ala. 1984). We find the contract not to compete in this case to be invalid and an unfair restraint of personal services. See § 8-1-1, Code of Alabama 1975. Thus the trial court erred as a matter of law.
The second issue is whether Channel 6 tortiously interfered with plaintiff's business by inducing DeRamus to leave Channel 42. The law in Alabama in this area has undergone a recent and somewhat dramatic change. In Gross v. Lowder Realty BetterHomes and Gardens, 494 So.2d 590 (Ala. 1986) (hereinafter cited as Gross), Justice Adams, writing for the supreme court, said, "[A] thorough reading of our cases, as well as the decisions of the federal courts applying Alabama law, reveals that there is confusion as to what conduct gives rise to a cause of action for interference with contractual relations or for interference with business relations." Gross, supra *Page 765 
at 595. As a result, the supreme court announced
 "a new rule in this state broad enough to encompass both interference with business relations and interference with contractual relations, and which also expands the cause of action for interference with contractual relations so as to incorporate the majority rule. We hold that this tort of intentional interference with business or contractual relations, to be actionable, requires:
 "(1) The existence of a contract or business relation;
 "(2) Defendant's knowledge of the contract or business relation;
 "(3) Intentional interference by the defendant with the contract or business relation;
 "(4) Absence of justification for the defendant's interference; and
 "(5) Damage to the plaintiff as a result of defendant's interference.
 "We have set forth above what we consider to be the broad framework of the cause of action, but defer to future cases a determination of the more detailed questions that undoubtedly will be raised as the cause of action moves from its formative stages and develops into a solidified body of law. We are of the opinion, however, that the principles set out above will provide a workable and sufficiently flexible standard by which to guide the future development of the cause of action."
Gross, supra at 597. See Lowder Realty, Inc. v. Odom, Inc.,495 So.2d 23 (Ala. 1986). It would appear that this is the first case of its kind — that is, where liability for inducing an employee not engaged for a definite term to move to a competitor is at issue — to come before our courts since Gross.
Applying the principles stated in Gross, we find that Channel 6 did not tortiously interfere with plaintiff's business. There was an employment contract between Channel 42 and DeRamus — an employment-at-will contract — of which Channel 6 had knowledge. Channel 6 also knew of the contract not to compete — the contract that we have held herein to be invalid and unenforceable. Channel 6 also actively and successfully solicited the employment of DeRamus as a salesman at a higher salary. However, the last two elements of the action as set out in Gross have not been met.
We do not find from the evidence or from the law that there was an absence of justification for the interference; nor do we find there was any compensable injury to plaintiff as the result of defendant's interference.
No Alabama case has ruled directly on whether there should be liability merely for hiring an employee away from a competitor. Such an event appears to be a common occurrence in everyday business affairs and commerce, and standing alone is not a legal wrong. Those cases closest on point have involved a third party's interference as the cause of the employee's discharge; liability is then imposed against the third party for its malicious interference. See Ala. Digest, Torts, Key No. 10 (1956).
The following is pertinent:
 "It is generally held that a person who maliciously entices an employee, in the actual service of an employer, to desert and quit his service, to the injury of the employer, may be restrained by injunction where the injury is otherwise irremediable and the legal remedy insufficient to compensate the complainant. The remedy is not available where the employee has a right to leave the employment in question and violates no contract in doing so. Everyone has a right to offer better terms to another's employees so long as the latter is free to leave, and in inducing such an employee to quit his employment or in persuading him to enter his own employment, a third party acts within his legal rights and interferes with no contract relation in the sense here intended. Since the employer in such case is not injured in his legal rights, he is not entitled to injunction to restrain the third person. [Emphasis ours.]" *Page 766 
45 Am.Jur.2d Interference § 64, at 338 (1969).
Our review of the record reveals no evidence of malice in Channel 6's action, nor do we find any ascertainable injury that can support a cause of action against either defendant. We consider the above-cited quotation to state the law of Alabama with respect to the facts in this case.
To summarize: the tort of intentional interference with contractual relations in the context of inducing an employee to leave a competitor requires an enforceable contract of employment, an absence of justification for interference in such contract, and evidence of injury. We find none of these requirements present here. We find it justifiable, given the fact that this is a competitive free-market economic system, that non-professional employees such as DeRamus should be able to entertain job offers from competing businesses. It is unreasonable to restrict such an employee to his current employer when he could do better elsewhere, especially when that employee could be discharged at will and without recourse.
Finally, on the question of damages, the right to recover for the unlawful interference with the performance of a contract presupposes the existence of a valid, enforceable contract.Advance Industrial Security, Inc. v. William J. BurnsInternational Detective Agency, Inc., 377 F.2d 236 (5th Cir. 1967). Having found the contract not to compete invalid, and the contract of employment to be at will, we find the trial court in error for holding DeRamus liable for the breach of an invalid contract. Certainly, DeRamus could not be a joint tortfeasor with Channel 6 and liable for punitive damages.
Having found there to be no tortious interference with plaintiff's business or contract, we find the court in error for its finding of punitive damages against both defendants. Punitive damages are recoverable only when the wrongful act was done maliciously. Snedecar v. Pope, 143 Ala. 275, 39 So. 318
(1905). There was no evidence upon which to base a finding that Channel 6 maliciously interfered with Channel 42 for the purpose of injuring that business. The court made no such finding, yet held both defendants liable for nominal compensatory and $5,000 punitive damages. This was error. We therefore reverse the trial court judgment which awarded damages to plaintiff.
 CROSS-APPEAL
Channel 42 contends error in the denial of the rule nisi and the dissolution of the injunction against DeRamus and Taft Broadcasting Company and its employees. Our review of the record discloses that the original judgment granting an injunction was less than thirty days old when it was amended and the injunction dissolved. It is the law that a judgment may be amended by the court on its own motion within thirty days of its entry. Rule 59(e), A.R.Civ.P.; Ward v. Blackwell, 269 Ala. 632, 115 So.2d 41 (1959); Sparks v. Delta Masonry Contractors,411 So.2d 808 (Ala.Civ.App. 1982). Channel 42 complains of the denial of a post-judgment petition for a rule nisi against Channel 6 and its employees. The petition sought a finding of contempt of court alleging that Channel 6 had contacted and solicited advertisements from certain clients contrary to the injunction. Said petition was filed before the amendment of the original order vacating the injunction. The trial court thereafter, within thirty days of the entry of the injunction, and without a hearing, amended the original judgment, thereby vacated the injunction and denied the petition for rule nisi.
We do not intend to approve the procedure of the trial court in acting upon the petition without a hearing. However, there was then also pending before the court a Rule 59 motion by Channel 6, for reconsideration. It must be inferred that the trial court, reconsidering its original judgment which remained in the breast of the court, determined that the original order had sufficiently served its purpose and should be vacated. The court therefore in one order stated such determination, vacated *Page 767 
the injunction, denied the rule nisi but re-entered the order of damages as originally determined. The question of contempt and the extent of punishment therefore are matters for the discretion of the court. Williams v. Stumpe, 439 So.2d 1297
(Ala.Civ.App. 1983). Upon the vacating of the injunction, we conclude if there was error in denial of a rule nisi, it was without injury. Rule 45, A.R.Civ.P. We find no error on cross-appeal.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.