519 So.2d 942 (1988)
William CHAVERS, d/b/a Discount Copier Service
v.
COPY PRODUCTS COMPANY, INC., OF MOBILE.
86-920.
Supreme Court of Alabama.
January 15, 1988.
Carroll H. Sullivan of Clark, Scott & Sullivan, Mobile, for appellant.
Warren L. Hammond, Jr., of Conrad, Hammond & Barlar, Mobile, for appellee.
HOUSTON, Justice.
This case concerns the enforceability of a non-competition agreement entered into by *943 the defendant, William ("Brad") Chavers, with his former employer, who is the plaintiff in this case, Copy Products Co., Inc., of Mobile. On the basis of this non-competition agreement, Copy Products sought and received a preliminary injunction against Chavers. This injunction forbids Chavers from competing against his former employer in the business of selling office copiers and providing office copier supplies and maintenance. For the reasons set forth below, the trial court incorrectly granted this injunction; we reverse and remand.
Copy Products is a retailer of office copiers and also provides maintenance, repair, and copier supply services to its copier customers. Brad Chavers was employed by Copy Products for approximately nine years, from 1978 until 1987, when he resigned. Chavers was hired as a copier technician and demonstrated such superior skill in that field that he rose steadily in his employer's organization. In the hearing before the trial court, Chavers described his position with the company at the time of his resignation as that of "technical trainer ... and logistics manager." As such, he was in charge of all the training for Copy Products' technicians. He was also considered the company's copier repair expert and top troubleshooter. Consequently, he was relied upon to solve the company's most difficult repair problems, which apparently led to customer contact extensive enough for him to have developed a positive reputation for good work among at least some of Copy Products' customers. One such customer testified at the hearing before the trial court on the merits of this preliminary injunction that as a result of his contacts with Chavers he had "a lot of confidence in [Chavers's] technical ability," and he noted that "he [Chavers] does a good job."
The instant dispute arose because Chavers left his former employer to assist his father in a new business venture, Discount Copier Service. The new venture specializes in providing maintenance, repair, and supply services to copier owners, though it does not sell the copiers themselves.[1] The evidence is undisputed that the new venture solicited Copy Products' customers with fliers and other sales contacts, offering discounts on supplies and repair services. It is also undisputed, however, that the venture solicited customers throughout Mobile, that Copy Products was possessed of only about a 20% market share in the office copier business in Mobile, and that most of the venture's customers were not previously customers of Copy Products.
Copy Products sought to enjoin Chavers from these activities, primarily on the basis of a non-competition clause in Chavers's contract of employment. This clause provides as follows:
"NONCOMPETITION. The Employee recognizes one of the inducements for the Company to enter into this agreement of employment is the understanding that there will be no competition or interference, directly or indirectly, for a period of time after the termination of his employment with the Company. Accordingly, the Employee covenants with the Company that the Employee will not engage in any business similar to that of the Company within a radius of seventy-five (75) miles from any operation of the Company for a period of two (2) years from the date of the Employee's termination of employment with the Company, directly or indirectly, and that the Employee will not provide guidance, counseling, assistance, funds or other benefits to any such business in said prohibited area during the same period. The Employee expressly understands and agrees that this prohibition shall embody not only the operation of a business similar to that of the Company, but shall also include any of the products being marketed or sold by the Company at the time of the Employee's termination of employment with the Company. The provisions of this item shall survive the termination of this contract."
*944 The effect of this non-competition clause is to blanketly forbid Chavers from working in any capacity in the copier service industry in a wide geographical area, due to the extensive scope of Copy Products' operations. The area of these operations includes southern Alabama, northwest Florida, and several counties in southeast Mississippi, as well as the area within a seventy-five mile radius of Jackson, Mississippi.
Although the ore tenus rule does not apply to this case,[2] the applicable standard of review nevertheless grants a wide measure of discretion to the trial court.
"`Initially, we define the perimeter of our scope of review in an appeal from an order granting a motion for preliminary injunction. Wide discretion is accorded the trial judge hearing the application and deciding whether to grant a temporary injunction and his action will not be disturbed on appeal unless he abuses his discretion.... His discretion is a legal or judicial one subject to review for abuse or improper exercise, as where there has been a violation of some established rule of law or principle of equity, or a clear misapprehension of the controlling law.'"
Drill Parts & Service Co., Inc. v. Joy Mfg. Co. Inc., 439 So.2d 43, 51 (Ala.1983), quoting Alabama Educ. Ass'n v. Board of Trustees, 374 So.2d 258, 260 (Ala.1979). Because we find that the trial court granted this preliminary injunction upon "a clear misapprehension of the controlling law," we must reverse its judgment.
This case is reminiscent of Greenlee v. Tuscaloosa Office Products & Supply, Inc., 474 So.2d 669 (Ala.1985), which also involved a post-employment restraint on a copier technician. In that case, Justice Shores gave an excellent summary of the controlling law:
"Section 8-1-1, Ala.Code 1975, in pertinent part reads as follows:
"`(a) Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind otherwise than is provided by this section is to that extent void.
"`(b) One who sells the good will of a business may agree with the buyer and one who is employed as an agent, servant or employee may agree with his employer to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a specified county, city or part thereof so long as the buyer, or any person deriving title to the good will from him, or employer carries on a like business therein.'
"In DeVoe v. Cheatham, 413 So.2d 1141, 1142-43 (Ala.1982), the Court, construing § 8-1-1, stated:
"`This statute expresses the public policy of Alabama that contracts in restraint of trade are disfavored. See Cullman Broadcasting Co. v. Bosley, 373 So.2d 830 (Ala.1979); Robinson v. Computer Servicenters, Inc., 346 So. 2d 940 (Ala.1977); Hill v. Rice, 259 Ala. 587, 67 So.2d 789 (1953). The courts will not enforce the terms of such a negative covenant unless:
"`(1) the employer has a protectable interest;
"`(2) the restriction is reasonably related to that interest;
"`(3) the restriction is reasonable in time and place;
"`(4) the restriction imposes no undue hardship.'
"See Code 1975, § 8-1-1...."
Id. at 670-71.
The Greenlee Court held in part that the employer had no "protectable interest" in restraining the copier technician's employment, because the technician possessed at best "a simple labor skill," which is insufficient "to give an employer a substantial protectable right unique in his business." Id. at 672 (quoting DeVoe v. Cheatham, 413 So.2d 1141, 1143 (Ala.1982) (emphasis added)). The Greenlee Court also held, *945 however, that the post-employment restriction was unenforceable because of the undue hardship it placed on the technician. 474 So.2d at 672. See, also, Calhoun v. Brendle, Inc., 502 So.2d 689, 694 (Ala.1986) ("Furthermore, the restriction imposes an undue hardship on Calhoun").
Although the trial court apparently found that the evidence of Chavers's superior skill and good reputation was persuasive enough on the issue of the existence of a "protectable interest" to distinguish it from Greenlee, we need not reach this question, because we think it clear that the trial court abused its discretion in failing to recognize that the restriction in question places an "undue hardship" on Chavers. Though he is a highly skilled working man, he is nevertheless still only a working man,[3] and it is undisputed that the only trade he knows and by which he can support himself and his family is copier maintenance and repair. The clear import of Greenlee and our other cases is that such people cannot be prevented from plying their trades by blanket post-employment restraints, and we think that rule is applicable here. See, e.g., Calhoun v. Brendle, Inc., supra; Greenlee v. Tuscaloosa Office Products & Supply, Inc., supra; DeVoe v. Cheatham, 413 So.2d 1141 (Ala.1982).
Accordingly, we hold that the non-competition aspects of Chavers's contract of employment are void and unenforceable. The order entering the preliminary injunction is therefore reversed and the preliminary injunction is dissolved. The cause is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON and BEATTY, JJ., concur.
MADDOX, J., concurs in the result.
MADDOX, Justice (concurring in the result).
While it could be argued that the employee here possessed more skill than the one in Greenlee v. Tuscaloosa Office Products & Supply, Inc., 474 So.2d 669 (Ala.1985), I cannot, in good faith, make that distinction. In Greenlee, I was the lone dissenter, and I would dissent in this case, except for the fact that my views on the validity of these noncompetition clauses apparently are not shared by other members of this Court. Even though I believe that Greenlee was incorrectly decided, I see no good reason to continue to dissent in like cases; consequently, I concur in the result.
NOTES
[1] The record does reflect, however, that Discount Copier Service was considering selling a line of copiers in the future.
[2] "The facts out of which this proceeding arises are largely undisputed. The parties simply disagree as to whether those facts will support an injunction to enforce a covenant not to compete. Therefore, we review not the trial court's findings of fact, but its application of law to those findings." Calhoun v. Brendle, Inc., 502 So.2d 689, 689-90 (Ala.1986).
[3] There are a few characterizations in the record that Chavers was in a "management" position in the company (such as his own recitation of his title at the time of his resignation, noted earlier in this opinion). The undisputed evidence, however, is that Chavers functioned primarily as a service technician, albeit the best such technician in the company. Moreover, such "management" duties as do appear, i.e., the training of other repair technicians, clearly relate only to Chavers's copier servicing abilities.