This case concerns a covenant not to compete.
Trade Winds Travel, Inc. (Trade Winds) filed a complaint against Jan Pankey Daniel (Daniel) and Great Escapes Travel, Inc. (Great Escapes) for a breach of a covenant not to compete, tortious inducement of the breach, and tortious interference with Trade Winds' business.
After an ore tenus hearing the trial court issued an order, finding that the covenant not to compete should be enforced. *Page 654 
Further, the trial court awarded Trade Winds $4,000 as punitive damages and $1,000 as attorney fees.
Daniel and Great Escapes appeal, and we affirm.
The dispositive issue on appeal is whether the covenant not to compete was a reasonable restraint on trade as required by Ala. Code (1975), § 8-1-1 (1984 Repl.Vol.), and, therefore, valid and enforceable.
At the outset we note that generally, restrictive covenants not to compete are prohibited in Alabama. Ala. Code (1975), §8-1-1 (a). Nevertheless, the courts will enforce the terms of a covenant not to compete if (1) the employer has a protectable interest, (2) the restriction is reasonably related to that interest, (3) the restriction is reasonable in time and place, and (4) the restriction imposes no undue hardship on the employee. Birmingham Television Corp. v. DeRamus, 502 So.2d 761
(Ala.Civ.App. 1986).
Viewing the record with the attendant presumption, we find that the facts in pertinent part reveal the following: Daniel entered into an employment agreement with Trade Winds on July 12, 1986, which contained the following provision: "If the Employee [Daniel] should desire to terminate this agreement with the Agency [Trade Winds], she shall not directly or indirectly become engaged in the travel agency business in Madison County for a period of two (2) years from the date of this Agreement or six (6) months after justifiable termination." Daniel drafted this agreement, including the above provision. Daniel then worked as an employee for Trade Winds for approximately one year. Immediately after her termination from Trade Winds, Daniel, along with her husband, established and began to operate another travel agency business known as Great Escapes within 500 feet of Trade Winds.
The facts further reveal that Daniel was experienced in the travel agency business prior to her employment by Trade Winds. Further, she was chiefly responsible for the day-to-day operations of the business and provided a valuable service in establishing and operating the business. The record also reveals, however, that the owners of Trade Winds were entirely inexperienced in the travel agency business and that they hired Daniel in anticipation of acquiring an employee capable and qualified to operate a travel agency business and to generate customers.
The trial court found, and we agree, that, based on the following, the covenant is valid and should be enforced.
The trial court's decree in part is as follows:
 "1. That Plaintiff [Trade Winds] has a protectable interest. The travel agency business, according to testimony, in Madison County is highly competitive, and the acquisition and protection of customer lists and a regular clientele is of crucial importance, especially to a fledgling business such as that of Plaintiff's.
 "2. That the restriction applicable in the instant case is reasonably related to that interest. Plaintiff possessed substantial investment in office space, and equipment, all placed at Defendant Daniel's disposal; further that she, almost exclusively, possessed superior knowledge not only of the travel agency business in general, but that she certainly possessed the most detailed knowledge of the Plaintiff's particular business, its customer lists, etc.
 "3. That the restriction is reasonable in time and place. The restriction is as to Madison County alone, and will expire within six months, on July 12, 1988. Defendant Daniel has become `clothed in' the goodwill of Trade Winds Travel, Inc. When she left, she essentially `took the business with her.'
 "4. The restriction of the Defendant from engaging in the travel agency business for a period of 13 months after her voluntary termination is not so unreasonable as to work an undue hardship on Defendant. This, especially in view of the fact that Defendant, Great Escapes Travel, Inc., also operates an office in Guntersville, Marshall County, Alabama, an adjoining county, less than an hour's *Page 655 
drive from Huntsville, Alabama. The restriction would be in effect until July 12, 1988, the 2-year anniversary of the original employment contract."
Therefore, in view of the facts and our review of the applicable case law, we find that the trial court did not err in upholding the covenant not to compete.
We also note that Daniel raises other issues in her brief. However, as there is no authority or reasons cited for these contentions, we need not address them. Blair v. YorkEngineering Co., 380 So.2d 878 (Ala.Civ.App. 1980).
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.