These appeals are from orders enjoining the defendant, Charles E. Booth, from competing with the plaintiff, WPMI. The injunction prevents Booth for a period of one year from accepting employment with any other television broadcaster in the Robertsdale area and from selling television advertising time while working in an advertising capacity. The record reveals that Booth *Page 210 
attempted to open his own advertising agency; however, the record is not clear whether the trial court's order that Booth was not to "compete directly or indirectly" with WPMI included advertising other than television advertising. We affirm in part, reverse in part, and remand.
Charles Booth worked for WPMI for approximately 3 1/2 years as an advertising salesman. As such, he was responsible for about 20% of WPMI's total advertising and earned in excess of $50,000.00 during his last year of employment. In addition, he was given an expense account to help him build and maintain his relationship with his clients.
Following a sales meeting on July 17, 1987, wherein the general sales manager discussed the fall programming, Booth resigned from WPMI. At that time, he was reminded of the following clause in his employment contract:
 That he [would] not, for a period of one (1) year after the termination of his employment, accept employment, own or be interested in, directly or indirectly, in any capacity, with any other entity which conducts the business of television broadcasting, within a radius of sixty (60) miles of employer's transmitting site in Robertsdale, Alabama.
Prior to his resignation on Thursday, Booth had already made plans to begin working for another television broadcaster, WJTC, the following Monday. However, on the intervening Saturday, WPMI threatened to take legal action if Booth became a salesman for the competing station, and Booth was not hired. Subsequently, Booth attempted to start his own advertising agency. He contacted several customers whom he had had prior to working with WPMI and whose relationships he had maintained while employed at WPMI.
WPMI thereafter requested an injunction and the lower court issued two orders after hearing ore tenus evidence. The first order was issued on August 5, 1987, and prohibited Booth from working for another television broadcaster within 60 miles of Robertsdale, as stated in the noncompetition clause. The second order, issued on August 19, 1987, prohibited him from selling television advertising and from competing "directly or indirectly" with WPMI. Booth has appealed both of these orders.
We find that the law in this area is succinctly stated in the following excerpt from James S. Kemper Co. v. Cox Associates, 434 So.2d 1380, 1384 (Ala. 1983):
 It is clear, as defendants contend, that § 8-1-1, Code 1975, expresses the public policy of Alabama that contracts restraining employment are disfavored. DeVoe v. Cheatham, 413 So.2d 1141 (Ala. 1982). This is so "because they tend not only to deprive the public of efficient service, but tend to impoverish the individual." Robinson v. Computer Servicenters, Inc., 346 So.2d 940, 948 (Ala. 1977). Nevertheless, the courts will enforce the terms of a covenant not to compete if:
1. the employer has a protectable interest;
 2. the restriction is reasonably related to that interest;
 3. the restriction is reasonable in time and place;
 4. the restriction imposes no undue hardship on the employee.
DeVoe v. Cheatham, 413 So.2d at 1142.
"In order to have a protectable interest the employer must possess 'a substantial right in its business sufficiently unique to warrant the type of protection contemplated by [a] noncompetition agreement.' " Id. at 1142, citing CullmanBroadcasting Co. v. Bosley, 373 So.2d 830, 836 (Ala. 1979). In the case of a "post-employment restraint," as in the present case, justification, according to the Restatement (Second) ofContracts § 188, Comment B (1979), generally must be "on the ground that the employer has a legitimate interest in restraining the employee from appropriating valuable trade information and customer relationships to which he has had access in the course of his employment." Similarly, we have said that "if an employee is in a position to gain confidential information, access to secret lists, or to develop a *Page 211 
close relationship with clients, the employer may have a protectable interest."
DeVoe v. Cheatham, 413 So.2d at 1143.
In this case, Booth clearly maintained close client relationships and was given an expense account to enable him to nourish those relationships. While Booth may have brought several clients with him when he began work at WPMI, he was provided with the means to maintain his rapport during the 31/2 years he was employed by WPMI. Surely, those customer relationships are necessities, as WPMI depends on its salesmen to develop those relationships and to convince their customers to advertise with WPMI. We hold this to be a protectable interest, and the covenant not to compete addresses that very interest and is an attempt to protect it. This case is very different from Greenlee v. Tuscaloosa Office Products Supply,Inc., 474 So.2d 669 (Ala. 1985), wherein we held that a noncompetition clause was void as to the appellant, Greenlee, because he was a laborer with no management or sales experience.
 "A simple labor skill, without more, is simply not enough to give an employer a substantial protectable right unique in his business. To hold otherwise would place an undue burden on the ordinary laborer and prevent him or her from supporting his or her family."
Id. at 671, quoting DeVoe v. Cheatham, 413 So.2d 1141, 1143
(Ala. 1982). In fact, Justice Shores expressly pointed out that Greenlee "did not solicit new customers . . ., nor did he develop a special relationship with any of [his former employer's] its existing customers." Id. In reversing and remanding Greenlee, supra, Justice Shores found that enforcement of the covenant not to compete would be an undue hardship on Greenlee, leaving him with no viable way to support his family and providing little if any benefit to the former company. Id. at 672. See also Chavers v. Copy Products, Co.,519 So.2d 942 (Ala. 1988), which held void a covenant not to compete when the employee was merely a laborer, though highly skilled, and enforcement of the clause would be an undue hardship on him.
In the present case, Booth was a salesman and his job was to solicit business and gain the allegiance of potential WPMI customers. His 3 1/2-year employment is significantly different from the mere 2-month employment of the defendant in BirminghamTelevision Corp. v. DeRamus, 502 So.2d 761 (Ala.Civ.App. 1986). During those 3 1/2 years, Booth was able to develop and nurture client relationships. He was not merely a technician whose client contact was limited. Rather, client contact was the most important aspect of his job and WPMI's most valuable asset with regard to his employment.
We do not consider the one-year limitation placed on Booth to be unreasonable under the circumstances of this case. The 60-mile restriction corresponds to the area reached by WPMI's broadcasting signals. While we agree that Booth can be prohibited from working for another television station in competition with WPMI, the judge's expression of the injunction to include forms of advertising other than television advertising and the implication in the judge's order which prevents Booth from owning his own agency is too broad, thereby imposing an undue hardship on Booth. See Calhoun v. Brendle,Inc., 502 So.2d 689 (Ala. 1986), citing Greenlee v. TuscaloosaOffice Products Supply, Inc., which quotes DeVoe v. Cheatham,413 So.2d 1141 (Ala. 1982). Therefore, we reverse as to that portion of the judge's order. This case is due to be, and it hereby is, affirmed in part; reversed in part; and remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur. *Page 212