907 F.2d 1085
 1990-2 Trade Cases 69,123
 NATIONWIDE MUTUAL INSURANCE COMPANY, Nationwide Mutual Fire
Insurance Company, Nationwide Life Insurance Company,
Nationwide General Insurance Company, Nationwide Property
and Casualty Insurance Company, Colonial Insurance Company
of California, Plaintiffs-Appellants,
v.
H. Bruce CORNUTT, Defendant-Appellee.
 No. 89-7624.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 2, 1990.
 
 Thomas A. Carraway, Rives & Peterson, Birmingham, Ala., for plaintiffs-appellants.
 Roy O. McCord, McCord & Martin, Gadsden, Ala., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before KRAVITCH, Circuit Judge, RONEY* and ALDISERT**, Senior Circuit Judges.
 RONEY, Senior Circuit Judge:
 
 
 1
 The issue on this Alabama diversity appeal is the enforceability of a non-competition clause in an insurance agent's employment contract with his former employer. The district court found the clause unenforceable and granted summary judgment to the employee. We vacate and remand.
 
 
 2
 Insurance agent H. Bruce Cornutt's employment contract with the Nationwide Insurance Companies prohibited him from engaging in the fire, casualty, health and life insurance business within a 25-mile radius of Nationwide's Gadsden, Alabama office for the first year after he left Nationwide. On December 30, 1988, after 26 months at Nationwide, Cornutt resigned. He continued to work in the insurance business in Gadsden, however, selling, servicing and soliciting for sale the fire, casualty, health and life insurance policies offered by some of Nationwide's competitors. It is unclear from the record whether or to what extent Cornutt solicited Nationwide's existing policyholders during this time. Cornutt did retain, however, the telephone number, books and manuals with which Nationwide had supplied him, despite Nationwide's request that he cease using and return these items.
 
 
 3
 In April 1989, Nationwide instituted this diversity action seeking monetary and injunctive relief. Cornutt filed a motion for summary judgment based on a prior unpublished decision of the district court which had held to be unenforceable the language of p 11, the operative paragraph, in an identical Nationwide "Agent Employment Agreement."[1] Nationwide did not appeal that decision. Nationwide Ins. Co. v. Hudson, CV 86-AR-1375-M (N.D.Ala. Nov. 14, 1986). Relying upon its reasoning in Hudson, the district court again held p 11 unenforceable.
 
 
 4
 As it did in Hudson, the district court concluded that p 11 constituted an unenforceable restraint of trade because the restraint itself within the 25-mile radius is total, would work an undue hardship on the insurance agent, and would effectively deprive him of his livelihood. The district court held it would enforce an alternative more narrowly tailored clause, p 12, which by its terms would be triggered if p 11 were found unenforceable. Paragraph 12 restricted Cornutt's post-Nationwide Gadsden-area insurance activity, but only with respect to Nationwide's existing policies and policyholders.[2] A settlement between the parties eliminated the need for a trial of factual issues as to p 12, paving the way for this appeal of the district court's ruling as to p 11.
 
 
 5
 It is the public policy of Alabama that contracts restraining employment are disfavored.[3] All such agreements are potentially void.[4] Nevertheless, Alabama courts will enforce a non-compete agreement if it (1) falls within a statutory exception to the general prohibition,[5] and (2) is reasonably limited as to territory, duration and subject matter.[6] See generally Edwards, Covenants Not to Compete in Alabama, 44 Ala. Law. 306 (1983).
 
 
 6
 The statutory exception applicable to this case provides:
 
 
 7
 [A]n agent, servant or employee may agree with his employer to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a specified county, city, or part thereof so long as the ... employer carries on a like business therein.
 
 
 8
 Ala.Code Sec. 8-1-1(b). Cornutt concedes that he is an agent within the meaning of this statute, who may agree to a non-compete covenant with his employer.
 
 
 9
 Thus the agreement falls within the statutory exception and is due to be enforced provided it is reasonable. To be found reasonable, four things must be true of the non-compete covenant and the circumstances surrounding it:
 
 
 10
 (1) the employer has a protectable interest;
 
 
 11
 (2) the restriction is reasonably related to that interest;
 
 
 12
 (3) the restriction is reasonable in time and place; [and]
 
 
 13
 (4) the restriction imposes no undue hardship.[7]
 
 1. Protectable Interest
 
 14
 In order to have a protectable interest, the employer must possess "a substantial right in its business sufficiently unique to warrant the type of protection contemplated by [a] non-competition agreement." Cullman Broadcasting Co. v. Bosley, 373 So.2d 830, 836 (Ala.1979); accord Calhoun v. Brendle, Inc., 502 So.2d 689, 691 (Ala.1986); Greenlee v. Tuscaloosa Office Products & Supply Inc., 474 So.2d 669, 671 (Ala.1985). Protectable interests may exist where the employee was provided access to valuable trade information or customer relationships during the course of employment. Calhoun, 502 So.2d at 692. Similarly,
 
 
 15
 if an employee [was] in a position to gain confidential information, access to secret lists, or to develop a close relationship with clients, the employer may have a protectable interest in preventing that employee from competing.
 
 
 16
 DeVoe v. Cheatham, 413 So.2d 1141, 1143 (Ala.1982); accord Calhoun, 502 So.2d at 692; James S. Kemper & Co. v. Cox & Associates, 434 So.2d 1380, 1384 (Ala.1983). This is particularly so in fields where the acquisition and protection of customer lists and a regular clientele are of crucial importance. Daniel v. Trade Winds Travel, Inc., 532 So.2d 653, 654 (Ala.Civ.App.1988).
 
 
 17
 A protectable interest can also arise from the employer's investment in its employee, in terms of time, resources and responsibility. In James S. Kemper & Co., the court found it significant that the employer established the employee in the insurance field, trained him, and carried him at a loss for several years until he could build up a base of clients. 434 So.2d at 1382. In Daniel, the court observed that the employer possessed a substantial investment in office space, and equipment, all of which was placed at the employee's disposal. 532 So.2d at 654.
 
 
 18
 The district court found that whatever protectable interest Nationwide had in Mr. Cornutt's insurance endeavors would be sufficiently protected by enforcement of p 12. Our review of the record persuades us that this conclusion was premature. Nationwide submitted material sufficient to create a triable issue as to the scope of its protectable interest. The deposition of Mr. Cornutt, for example, reveals that Cornutt was, for some two years, involved in sales and development of customer relationships; client contact was a substantial part of his job; Nationwide had introduced Cornutt to the insurance business, trained him, and furnished him with the resources necessary to proceed. Although Nationwide's customer-relationship interests might indeed be protected by the enforcement of p 12, the other equally protectable investment interests would remain unvindicated.
 
 
 19
 2. Reasonable Relation of Restriction to Interest
 
 
 20
 Whether and to what extent the restrictions of p 11 are reasonably related to Nationwide's protectable interests will depend upon what those interests prove to be on remand. The district court will have the discretion, guided by the parameters of what it determines Nationwide's protectable interests to be, either to enforce p 11 as written, or to tailor the clause more narrowly. E.g., Booth v. WPMI Television Co., 533 So.2d 209 (Ala.1988) (modifying restriction on working for rival television broadcaster, selling television advertising and owning an advertising business to enjoin only the sale of television advertising); Cullman Broadcasting Co., supra (modifying restriction on working for any radio, television or cable television station to restrict only radio station employment); Hoppe v. Preferred Risk Mutual Ins. Co., 470 So.2d 1161 (Ala.1985) (modifying restriction on soliciting former employer's policyholders to except individuals who were agent's "personal customers by reason of [his] own individual sales attributes and not because of his being a[n] agent [for his former employer]"); Central Bank of the South v. Beasley, 439 So.2d 70 (Ala.1983) (enforcing two-county restriction on engaging in banking business within one county only).
 
 3. Reasonableness as to Time and Place
 
 21
 To secure enforcement of a non-compete clause within a particular territory, the employer must demonstrate that it continues to engage, in that locale, in the activity that it seeks to enjoin. Ala.Code Sec. 8-1-1(b); see Central Bank, supra (enforcing non-compete covenant only in County where employer actually conducted business). In this case, Cornutt does not contest that Nationwide continues to engage in the life, casualty, fire and health insurance business in the Gadsden area.
 
 
 22
 Paragraph 11's time and place restriction--one year in the area within 25 miles of Nationwide's Gadsden office--does not reach a per se unreasonable level under Alabama law, assuming one exists. The Alabama courts have enforced restrictions of significantly greater scope. E.g., Parker v. Ebsco Industries, 282 Ala. 98, 209 So.2d 383 (1968) (one year in entire continental United States east of the Rocky Mountains); James S. Kemper & Co., supra (two years in the entire state of Alabama); Cullman Broadcasting Co., supra (one year in Cullman County); Central Bank, supra (two years in Baldwin County); Booth, supra (60-mile radius for one year); Tyler v. Eufaula Tribune Publishing Co., 500 So.2d 1005 (Ala.1986) (50-mile radius for two years).
 
 
 23
 A development of the facts will be necessary to demonstrate the reasonableness of the one-year restriction. Since most insurance policies come up for renewal in a year's time, an event which would seem to trigger an opportunity for new business for Nationwide, it may be necessary to make the agreement for a year to prevent the employee from exploiting these opportunities which Nationwide had trained him to develop.
 
 4. Undue Hardship
 
 24
 The final consideration is whether the non-compete provision imposes an undue hardship. Such hardship exists where a provision
 
 
 25
 imposes on the employee ... greater restraint than is necessary to secure to the business of the employer ... [its legitimate] protection, regard being had to the injury which may result to the public from restraining the breach of the covenant in the loss of the employee's service and skill and the danger of his becoming a charge upon the public.
 
 
 26
 Hill v. Rice, 259 Ala. 587, 67 So.2d 789, 794 (1953); quoted in Central Bank, 439 So.2d at 74; Cullman Broadcasting, 373 So.2d at 836.
 
 
 27
 In nearly every Alabama "undue hardship" case cited by the parties or uncovered by independent research, the court noted that enforcement of the restraint would have prohibited a worker from engaging in the only trade he knew and could rely upon to support his dependents. E.g., Chavers v. Copy Products of Mobile, 519 So.2d 942, 945 (Ala.1988) ("it is undisputed that the only trade [defendant] knows and by which he can support himself and his family is copier maintenance and repair"); Calhoun, 502 So.2d at 693 (fire-extinguisher business is "the only business for which [defendant] is trained and has experience"); DeVoe, 413 So.2d at 1143 (defendant possessed only "the normal skills of the vinyl top installation trade [; restraining his exercise of that trade] would place an undue burden on [this] ordinary laborer and prevent him ... from supporting his ... family"); White Dairy Co. v. Davidson, 283 Ala. 63, 214 So.2d 416, 418 (1968) ("[defendant] testified that the dairy business was the only business he knew, and the only type of business in which he could make [the] living to which [his family] was accustomed").
 
 
 28
 By contrast, in cases where employees' retention of alternative means of support was evident, Alabama courts have declined to find undue hardship. E.g., Central Bank, 439 So.2d at 74 ("[defendant remains] free to accept employment in a bank outside of Baldwin County, or he can accept a non-banking position within Baldwin County"); Daniel, 532 So.2d at 654-55 (defendant currently operates another travel agency in a neighboring county).
 
 
 29
 Moreover, the cases declining to find undue hardship have accorded some significance to an employee's (1) having voluntarily executed the non-compete agreement, Cullman Broadcasting, 373 So.2d at 836, and (2) having received valuable consideration therefor. See Central Bank, 439 So.2d at 74 ("[Defendant] bargained for and received over a quarter of a million dollars for his stock.... We do not see how any lesser burden [than that imposed by the non-compete clause] could be placed on [defendant] without completely derogating both the covenant's purpose and its consideration").
 
 
 30
 The district court here apparently found that enforcement of p 11 would work an undue hardship on Mr. Cornutt as a matter of law. This conclusion was in error. On this record, Mr. Cornutt was not entitled to summary judgment on the undue hardship issue.
 
 
 31
 Cornutt's service at Nationwide constituted his first experience in the insurance business. During the thirteen months prior to his joining Nationwide, Cornutt had worked at local radio station WQEN-FM, selling advertisements as the station's Account Executive and Co-op Coordinator. Prior to that time, he had served some four years as Classified Advertising Manager for the Gadsden Times. Cornutt's deposition contains an acknowledgement that he probably could have obtained radio industry employment upon leaving Nationwide, but that he simply elected not to pursue that option because he preferred the insurance business.
 
 
 32
 Cornutt voluntarily executed the non-compete agreement, and received valuable consideration therefor. He voluntarily departed from Nationwide, and voluntarily proceeded to violate p 11. No special circumstance seems sufficient to warrant an undue hardship finding on summary judgment. During oral argument, defendant's counsel could point only to Mr. Cornutt's being a 26-year-old man with two small children and a wife who is not employed. The Alabama cases simply do not authorize a finding of undue hardship as matter of law from these facts alone.
 
 
 33
 The district court concluded that because p 11 was a complete restriction on Mr. Cornutt's participation in the fire, casualty, health and life insurance business in the Gadsden area, it constituted, as a matter of Alabama law, an unenforceable "total restraint." This cannot be an accurate statement of Alabama law, given the number of cases in which a complete-restriction-on-participation-in-a-certain-business-within-a-limited-are a was enforced. E.g., Central Bank, supra (enforcing two-year restriction on working in banking business in Baldwin County); Tyler, supra (enforcing 50-mile-area two-year restriction on engaging in the same or similar bookkeeping, advertising and photography duties employee had performed for former employer); Daniel, supra (enforcing two-year restriction on engaging in travel agency business in Madison County). See also Gafnea v. Pasquale Food Co., 454 So.2d 1366 (Ala.1984) (enforcing 5-mile-area, eighteen-month restriction on operating a pizza restaurant); Hibbett Sporting Goods v. Biernbaum, 391 So.2d 1027 (Ala.1980) (enforcing indefinite restraint on the leasing of space in a particular shopping mall to another sporting goods store).
 
 
 34
 On remand, the district court will have the opportunity to address Nationwide's claims for money damages and attorney's fees under the contract. See Knox Kershaw, Inc. v. Kershaw, 552 So.2d 126, 128-29 (Ala.1989).
 
 
 35
 VACATED and REMANDED.
 
 
 
 *
 See Rule 34-2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit
 
 
 **
 Honorable Ruggero J. Aldisert, Senior U.S. Circuit Judge for the Third Circuit, sitting by designation
 
 
 [1]
 Paragraph 11 provides:
 Agent agrees that he/she will not, either directly or indirectly by and for himself or as agent for another or through others as agent, engage in or be licensed as an agent, solicitor, representative or broker in any way connected with the sale, advertising or solicitation of fire, casualty, health or life insurance in the area described below for a period of one year from the date of the voluntary or involuntary termination of employment with the Companies, or, should the Companies find it necessary by legal action to enjoin Agent from competing with the Companies, one year after the date such injunction is obtained in the following area: Within Twenty Five miles of the principal place of business located at 1507 E. Rainbow Dr. Gadsden, Al 35901.
 
 
 [2]
 Paragraph 12 provides:
 In any jurisdiction where a covenant similar to that appearing in paragraph 11 is held to be invalid either by statute or by judicial decision, the Agent agrees that upon termination of this Agreement he/she shall thereafter refrain from further solicitation or servicing of policyholders of the Companies and from interfering in any way for a period of one year with existing policies and policyholders in the geographical area described in paragraph 11 or such other period being the longest period permitted by law less than one year.
 
 
 [3]
 Booth v. WPMI Television Co., 533 So.2d 209, 210 (Ala.1988) (citing cases)
 
 
 [4]
 Ala.Code Sec. 8-1-1(a)
 
 
 [5]
 Livingston v. Dobbs, 559 So.2d 569 (Ala.1990); Premier Industrial Corp. v. Marlow, 292 Ala. 407, 295 So.2d 396, cert. denied, 419 U.S. 1033, 95 S.Ct. 515, 42 L.Ed.2d 308 (1974)
 
 
 [6]
 DeVoe v. Cheatham, 413 So.2d 1141 (Ala.1982)
 
 
 [7]
 DeVoe v. Cheatham, 413 So.2d at 1141, 1142 (Ala.1982); accord Booth v. WPMI Television Co., 533 So.2d 209, 210 (Ala.1988); Chavers v. Copy Products Co. of Mobile, 519 So.2d 942, 944 (Ala.1988); James S. Kemper & Co. v. Cox & Associates, 434 So.2d 1380, 1384 (Ala.1983)