MADDOX, Justice
(dissenting).
I agree with Justice Houston, who also dissents, that Diamond Talent, Inc., does not have an adequate remedy at law. Famex, Inc. v. Century Ins. Services, Inc., 425 So.2d 1053 (Ala.1982).
This Court, in Tyler v. Eufaula Tribune Pub. Co., 500 So.2d 1005 (Ala.1986), stated the applicable law:
“In James S. Kemper & Co. v. Cox & Associates, 434 So.2d 1380 (Ala.1983), this Court discussed the enforceability of contracts restraining employment. The Kem-per Court said:
“ ‘It is clear, as defendants contend, that § 8-1-1, [Ala.] Code 1975, expresses the public policy of Alabama that contracts restraining employment are disfavored. DeVoe v. Cheatham, 413 So.2d 1141 (Ala.1982). This is so “because they tend not only to deprive the public of efficient service, but tend to impoverish the individual.” Robinson v. Computer Servicenters, Inc., 346 So.2d 940, 943 (Ala.1977). Nevertheless, the courts will enforce the terms of a covenant not to compete if:
“ ‘1. the employer has a protectable interest;
*291 “ ‘2. the restriction is reasonably related to that interest;
‘“3. the restriction is reasonable in time and place;
“ ‘4. the restriction imposes no undue hardship on the employee.’
“DeVoe v. Cheatham, 413 So.2d at 1142.” Based on the foregoing, I must respectfully dissent.