[1] Various documents in the record use three spellings of this word in the name of the company and in the name of the restaurant: "Barbeque," "Barbecue," and "Bar-b-que." We will use the spelling used in the notice of appeal: "Barbeque."
This case involves the enforcement of a non-competition clause contained in a contract for the sale of a barbecue business. The appellant, Marie Livingston, who worked as a waitress in her former husband's barbecue business without compensation, appeals from the trial court's temporary injunction restraining her from working at another barbecue restaurant in the same city. The trial court's injunction apparently was based upon the terms of a non-competition clause in a contract of sale of her former husband's business, which contract she signed. Appellant's basic argument is that the non-competition clause is void as to her, because she was neither the seller of the business nor an employee within the meaning of Ala. Code 1975, § 8-1-1, which authorizes the enforcement of non-competition clauses in certain instances.
The facts are undisputed. Euell Dobbs and William Livingston opened a business known as Dobbs Famous Barbeque in 1958. Shortly thereafter, William Livingston married the appellant, Marie Livingston. Mrs. Livingston and Mrs. Dobbs worked in their husbands' business, as unpaid waitresses, until 1980, at which time they both stopped working.
In 1985, Dobbs purchased William Livingston's partnership interest, pursuant to the terms of a written contract, which contained the non-competition clause which is the subject of this controversy and which forms the basis for the trial court's injunction.
Shortly after the sale of Dobbs Barbeque in 1985, Marie and William Livingston were divorced. In the divorce settlement, Marie was awarded the unpaid balance of the purchase price of the business. Payments from Dobbs on this debt are scheduled to continue until 1991.
In 1989, Marie Livingston became involved in the start of another barbecue restaurant in Dothan, known as Old South Barbeque. She loaned money to Old South's founder and she agreed to work in the fledgling restaurant as the manager. In her efforts to get the new business started and progressing, Livingston hired some of the workers from Dobbs Barbeque. Dobbs brought this action specifically to enjoin Marie Livingston's participation in the operation of Old South Barbeque.
The non-competition clause in question states:
 "The seller and his wife, who is a signatory to this agreement for the sole purpose of this provision and who by the execution hereof acknowledges the sufficiency of the consideration for the agreements herein contained, agree that neither will directly or indirectly, as an individual partner, officer, director or shareholder in any corporation, or employee or agent of either, operate or participate in the operation of any business in competition with Dobbs Bar-B-Que or its successor, in any area within a 100 mile radius of Dothan, Alabama, for a period of ten (10) years. Additionally, the Seller and his wife agree that for the above specified period neither will divulge nor utilize for profit either directly or indirectly any of the recipes used by Dobbs Bar-B-Que either presently or in the past in the preparation of food items for resale to its customers. For the purposes of this Agreement, a business in competition with Dobbs Bar-B-Que or its successor *Page 571 
shall be defined as a business engaged in the retail sale of prepared food items and deriving more than 50% of its total gross revenues from the said sale of prepared food items." (Emphasis added.)
Livingston contends that the above-quoted clause should not be enforced because, she says, it does not come within one of the exceptions in Ala. Code 1975, § 8-1-1, and is therefore void. That section makes non-competition agreements generally void, but provides exceptions by which some non-competition agreements are enforceable. Section 8-1-1 provides:
 "(a) Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind otherwise than is provided by this section is to that extent void.
 "(b) One who sells the good will of a business may agree with the buyer and one who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a specified county, city or part thereof so long as the buyer, or any person deriving title to the good will from him, or employer carries on a like business therein.
 "(c) Upon or in anticipation of a dissolution of the partnership, partners may agree that none of them will carry on a similar business within the same county, city or town, or within a specified part therefor, where the partnership business has been transacted. (Code 1923, § 6826, 6827, 6828; Acts 1931, No. 546, p. 647; Code 1940, T. 9, § 22, 23, 24.)"
Livingston claims that she does not fall within one of the exceptions provided in § 8-1-1, and therefore that the contract provision restraining her employment is void.
Livingston argues that she was not the seller of the partnership interest because her husband was the sole owner at the time of the sale. She also argues that she was not employed in the business within the meaning of the exceptions contained in § 8-1-1, because she received no compensation for her work as a waitress and her work as a waitress had terminated five years before the sale. We find her argument persuasive.
Contracts restraining employment have been traditionally disfavored. Calhoun v. Brendle, Inc., 502 So.2d 689 (Ala. 1986); Robinson v. Computer Servicenters, Inc., 346 So.2d 940
(Ala. 1977); and Hill v. Rice, 259 Ala. 587, 67 So.2d 789
(1953). With that in mind, we turn to the language of the contract itself and compare it with the exceptions to the general bar as outlined in § 8-1-1. The contract provides that "the seller and his wife" covenant not to compete; the contract also identifies William Livingston solely as the "seller." Marie Livingston is mentioned nowhere in the contract other than in the non-competition clause. The non-competition clause itself confirms that she was not the seller, because it contains the phrase "the seller and his wife, who is asignatory to this agreement for the sole purpose of thisprovision" (emphasis added). It is clear from this language that the non-competition clause purported to forbid Marie Livingston from engaging in a competing business, but unless she falls within one of the exceptions set out in § 8-1-1, the clause is void and of no effect. Clearly, Marie Livingston does not fall into the § 8-1-1 exception of "one who sells the goodwill of a business." Dobbs seems to argue that Marie Livingston should be considered the seller because she is receiving the balance of the purchase price owed by him to the seller, but that cannot make her the seller. This argument fails because the ownership interest is determined at the time of the sale, and the record is clear that Mrs. Livingston received the balance due on the purchase price after the sale as part of a divorce settlement.
Marie Livingston also does not fit within the exception provided for one "employed as an agent, servant or employee." Livingston was not "employed," as that term is commonly used, and she received no compensation from Dobbs Barbeque as an agent, servant, or employee, and her non-compensated service as a waitress at *Page 572 
Dobbs Barbeque had ended five years before the contract was executed.
We find that Livingston does not fit within any of the exceptions provided in § 8-1-1 therefore, we hold that the non-competition clause is void as to her.
By this opinion, we do not hold that in all cases non-owner spouses are free to disregard covenants that are binding on their marital partners. A person may be enjoined from operating a competing business if he or she receives assistance in operating the business from the one bound by the covenant.Daughtry v. Capital Gas Co., 285 Ala. 89, 229 So.2d 480 (1970) and Yost v. Patrick, 245 Ala. 275, 17 So.2d 240 (1944). There was no evidence of such assistance presented in this case.
We pretermit a discussion of the reasonableness of the terms of the covenant, based upon our determination that the clause is void as to Mrs. Livingston.
Based on the foregoing, the judgment of the trial court is due to be, and it is hereby, reversed, and a judgment is rendered for the appellant.
REVERSED AND JUDGMENT RENDERED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.