Orkin Exterminating Company, Inc., appeals from a judgment of the trial court holding that a noncompetition covenant in an employment contract entered into between Orkin and Tim Etheridge was void under Ala. Code 1975, § 8-1-1.
Orkin is engaged in the business of pest control. It has numerous residential and commercial customer accounts in central and south Alabama.
In December 1988, Orkin hired Etheridge as a technician to service Orkin's clients in central and south Alabama. Etheridge's duties included servicing the pest control needs of existing customers. There was conflicting testimony regarding whether Etheridge also solicited new accounts for Orkin or merely serviced new accounts for Orkin once Orkin had obtained the accounts. Etheridge testified that each month he received lists of the customers that he was to service that month. Etheridge further testified that he returned these lists to Orkin when he left its employment.
In January 1989, Etheridge signed an employment contract that contained the following provisions:
 "The employee hereby expressly covenants and agrees that, during the term of his/her employment and for a period of two (2) years immediately following termination of his/her employment with the Company for any reason whatsoever, he/she will not directly or indirectly, for himself/herself or on behalf of, or in conjunction with, any other person, firm, company, partnership or corporation:
 "(a) Call upon any customer or customers of the Company for the purpose of soliciting, selling or performing any pest control, exterminating, fumigating or termite control service for the eradication or control of, without limitation, rats, mice, roaches, bugs, vermin, termites, beetles or other insects, rodents or birds, within the territory stated in Paragraph 5(c) below:
". . . .
 "(c) Engage in the pest control, exterminating, fumigating or termite control business anywhere within the following area:
 "THE COUNTIES OF CHILTON, COOSA, TALLAPOOSA, CHAMBERS, LEE, ELMORE, AUTAUGA, LOWNDES, MONTGOMERY, MACON, RUSSELL, BULLOCK, BUTLER, CRENSHAW, PIKE, BARBOUR, COVINGTON, COFFEE, DALE, HENRY, GENEVA, AND HOUSTON ALL IN THE STATE OF ALABAMA."
Etheridge left Orkin's employ in September 1989, after working for Orkin for approximately nine months. He moved to Montgomery to work at a Delchamps supermarket. Etheridge lived in Montgomery for approximately three months and then returned to Dothan. Upon his return, Etheridge worked for Rollins Bakery for a short time. After leaving Rollins Bakery, *Page 1104 
Etheridge began working for Southeastern Pest Control, a competitor of Orkin's.
Ricky Chilton, an employee of Orkin's, testified that he had personally seen Etheridge soliciting customers away from Orkin. He further testified that Orkin had received phone calls from several Orkin customers concerning attempts made by Etheridge to persuade them to employ Southeastern Pest Control. However, Etheridge testified that he had never intentionally tried to solicit any of Orkin's customers.
Orkin brought this suit, seeking to enforce the covenant not to compete. The trial court entered a judgment stating:
 "1) [T]he contract prohibits Defendant from engaging in the pest control business for Southeast Alabama and is therefore too broad.
 "2) The customer lists were available to anyone who walked into Plaintiff's office.
 "3) Defendant received approximately two weeks training in pest control.
 "4) [T]he employer does not have a sufficient protectable interest nor a special relationship with its customers and further . . . the contract would impose or render hardship on Defendant.
 "Therefore, the Court finds the contract void under [§] 8-1-1, Code of Alabama 1975 and Judgment is rendered for Defendant."
Orkin appealed.
When a trial court has heard ore tenus evidence, as in this case, its judgment based upon that evidence is presumed correct and will be reversed only if, after consideration of the evidence and all reasonable inferences to be drawn therefrom, the judgment is found to be plainly and palpably wrong. KnoxKershaw, Inc. v. Kershaw, 552 So.2d 126 (Ala. 1989); Copelandv. Richardson, 551 So.2d 353 (Ala. 1989); and Pilalas v.Baldwin County Sav. Loan Ass'n, 549 So.2d 92 (Ala. 1989). Keeping this standard in mind, we must now consider the law applicable to noncompetition clauses in employment contracts.
Ala. Code 1975, § 8-1-1, expresses the public policy of Alabama concerning contracts restraining employment:
 "(a) Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind otherwise than is provided by this section is to that extent void.
 "(b) One who sells the good will of a business may agree with the buyer and one who is employed as an agent, servant or employee may agree with his employer to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a specified county, city or part thereof so long as the buyer, or any person deriving title to the good will from him, or employer carries on a like business therein."
Although a covenant not to compete fits literally within the exception of § 8-1-1, the courts will enforce its terms only if:
"1. the employer has a protectable interest;
 "2. the restriction is reasonably related to that interest;
 "3. the restriction is reasonable in time and place;
 "4. the restriction imposes no undue hardship [on the employee]."
Calhoun v. Brendle, Inc., 502 So.2d 689, 691 (Ala. 1986), and the cases cited therein.
Orkin contends that it has a protectable interest in its customer lists. It makes no other claim of a protectable interest. In Greenlee v. Tuscaloosa Office Products Supply,Inc., 474 So.2d 669, 671 (Ala. 1985), we cited CullmanBroadcasting Co. v. Bosley, 373 So.2d 830, 836 (Ala. 1979), and held:
 "In order to have a protectable interest, the employer must possess 'a substantial right in its business sufficiently unique to warrant the type of protection contemplated by [a] noncompetition agreement.' "
See Calhoun v. Brendle, Inc., at 691.
The burden is upon the person or entity seeking to enforce a contract that restrains the exercise of a lawful trade or business to show that it is not void under *Page 1105 
§ 8-1-1. As pointed out above, the trial court, applying the law of this state regarding the enforceability of noncompetition clauses in employment contracts, specifically held that Orkin had failed to carry its burden of showing that the agreement was valid.
Because we hold that the trial court could have reasonably found that Orkin did not have a protectable interest in its customer lists and, therefore, could have found the agreement invalid on this ground, we decline to discuss Orkin's other arguments.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.