This case arises out of a dispute over the enforceability of a covenant not to compete executed by Jeffrey Griggs in favor of Construction Materials, Ltd. ("Construction Materials"), and Skilstaf, Inc. ("Skilstaf"). After Griggs left Construction Materials and Skilstaf to work for Kirkpatrick Concrete, Inc. ("Kirkpatrick"), Construction Materials and Skilstaf sued Griggs and Kirkpatrick to enforce Griggs's covenant not to compete and for damages based on an alleged tortious interference with business relations. The trial court entered a summary judgment in favor of Griggs and Kirkpatrick on all claims, holding that the covenant was unenforceable against Griggs. Both Skilstaf and Construction Materials filed notices of appeal from the trial court's judgment. However, Skilstaf subsequently withdrew its appeal. Construction Materials is now the only appellant.
Kirkpatrick and Griggs argue that Construction Materials had no standing to enforce the noncompetition agreement, citing § 8-1-1, Ala. Code 1975.
A motion for a summary judgment may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.; Southern Guar. Ins. Co. v. First AlabamaBank, 540 So.2d 732, 734 (Ala. 1989). Once the moving party makes a prima facie showing that no genuine issue of material fact *Page 1008 
exists, then the burden shifts to the nonmovant to present evidence creating a genuine issue of material fact. Grider v.Grider, 555 So.2d 104 (Ala. 1989). This Court reviews the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. FlemingFoods of Alabama, 613 So.2d 359 (Ala. 1993).
Rule 56 is read in conjunction with the "substantial evidence rule," § 12-21-12, Ala. Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a defendant's properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989).
Griggs was employed by Construction Materials from 1986 until 1991. In 1991, Construction Materials entered into an agreement with Skilstaf, an employee leasing company, whereby Skilstaf would employ the Construction Materials workers and lease them back to Construction Materials. As a part of the employee leasing agreement, Griggs became an employee of Skilstaf. The "Client Service Agreement" between Construction Materials and Skilstaf expressly provides that the workers leased back to Construction Materials were employees of Skilstaf. The agreement states in part:
"5. ADMINISTRATION AND SUPERVISION.
 "a. All individuals leased to Client [Construction Materials] to fill Job Function Positions are employees of Skilstaf/Stafco. . . .
 "b. Skilstaf/Stafco shall have the exclusive right to hire, evaluate, replace, discipline, and terminate all employees of Skilstaf/Stafco, at Skilstaf/Stafco's sole discretion. Client has no authority to hire, evaluate, replace, discipline, or terminate any Skilstaf/Stafco employee.
 "c. Skilstaf/Stafco has the exclusive right to determine which of Skilstaf/Stafco's employees shall be designated to fill Client's Job Function Positions. Client may refuse to lease any employee so furnished if Client is dissatisfied with such employee's performance.
 "d. Skilstaf/Stafco will perform periodic performance evaluations of Skilstaf/Stafco employees. Skilstaf/Stafco may use these evaluations to determine wage adjustments. Skilstaf/Stafco may solicit Client's opinion of employee performance as a part of Skilstaf/Stafco's quality assurance program.
 "e. Skilstaf/Stafco is responsible for payment of all federal, state, and local employment taxes, and for providing pension plan coverage for all Skilstaf/Stafco employees. Skilstaf/Stafco may provide such other employee benefit plans for its employees as it desires."
In 1991 Griggs signed an "agreement not to compete," following Skilstaf's threat that Griggs would not receive his payroll check if he did not execute the agreement. The agreement referred to Skilstaf as the "employer," Griggs as the "employee," and Construction Materials as the "third-party beneficiary." The sales area to which the agreement applied was Jefferson County. The agreement provided the following:
 "1. The employee shall not for a period of two (2) years immediately following the termination of his employment with the employer, either directly or indirectly:
 "a. Make known to any person, firm or corporation, the names and addresses of any of the customers of Third Party Beneficiary or any other information pertaining to them;
 "b. Call on, solicit, take away, or attempt to call on or attempt to take away any of the customers on whom the Employee called or with whom he became acquainted during his employment with the Employer, either for himself or for any other person, firm, or corporation.
 "c. Engage directly or indirectly in the sale of construction materials of the type products sold by the Third Party Beneficiary or any other line of business carried on or contemplated by the Third Party *Page 1009 
Beneficiary, at the time of such termination, within the sales area described on the first page of this agreement."
In 1992 Griggs left Skilstaf to work for Kirkpatrick, another construction company. Skilstaf and Construction Materials then sued to enforce the agreement. We have before us an appeal by Construction Materials from a summary judgment in favor of Griggs and Kirkpatrick.
A person or entity seeking to enforce a contract that restrains the exercise of a lawful trade or business has the burden of showing that it is not void under Ala. Code 1975, § 8-1-1. Orkin Exterminating Co. v. Etheridge, 582 So.2d 1102,1104 (Ala. 1991). Section 8-1-1 expresses the public policy of Alabama disfavoring contracts in restraint of trade; such contracts are disfavored "because they tend not only to deprive the public of efficient service but also . . . to impoverish the individual." Robinson v. Computer Servicenters, Inc.,346 So.2d 940, 943 (Ala. 1977). A covenant not to compete that does not fall within the limited exceptions set out by § 8-1-1 is void. Odess v. Taylor, 282 Ala. 389, 211 So.2d 805 (1968); see also Livingston v. Dobbs, 559 So.2d 569 (Ala. 1990). Section8-1-1 provides, in pertinent part, the following:
 "(a) Every contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind otherwise than is provided by this section is to that extent void.
 "(b) One who . . . is employed as an agent, servant or employee may agree with his employer to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a specified county, city, or part thereof so long as the . . . employer carries on a like business therein."
This Court has held that a successor to an employer cannot enforce an employee's covenant not to compete. Wyatt SafetySupply Co. v. Industrial Safety Products, Inc., 566 So.2d 728
(Ala. 1990). Wyatt involved the corporation resulting from a corporate reorganization; the resulting corporation sought to enforce against its employees a noncompetition agreement the employees had entered with the former corporation. In Wyatt we held that the legislature's omission of a specific provision in § 8-1-1 establishing a successor employer's right to enforce an employee's covenant with the predecessor employer created an affirmative inference that § 8-1-1 was not intended to allow enforcement by successor employers. We refused to create such a right of enforcement, "especially in light of our public policy against contracts in restraint of trade." Wyatt
566 So.2d at 733.
We have also stated that a third party has no right to enforce a covenant not to compete, unless the contracting parties intended that the third person receive a direct benefit enforceable in court. See Russell v. Birmingham Oxygen Service,Inc., 408 So.2d 90 (Ala. 1981).
It seems apparent that the agreement between Skilstaf and its employee, Griggs, was made also for the benefit of Construction Materials. As stated above, Construction Materials was expressly listed on the face of the contract as a third-party beneficiary of the agreement. However, in light of our public policy against restraints of lawful trade and our correspondingly strict construction of § 8-1-1, this Court, notwithstanding the statement in Russell, supra, regarding third-party enforcement, will not recognize a third-party beneficiary's right to enforce a noncompetition agreement unless § 8-1-1 mandates that we do so. The fact that the agreement here expressly provides for enforcement by the third party does not in itself authorize us to recognize such a right.
Both the lease agreement between Construction Materials and Skilstaf and the noncompetition agreement between Skilstaf and Griggs make it clear that Griggs's employment relationship was with Skilstaf, and not Construction Materials, when Griggs executed the noncompetition agreement. Further, Griggs was not an agent or a servant of Construction Materials; Skilstaf controlled Griggs's work. See Butler v. Aetna Finance Co.,587 So.2d 308 (Ala. 1991; Bay Shore Properties, Inc. v. Drew Corp.,565 So.2d 32 (Ala. 1990). *Page 1010 
Because the record clearly indicates that Griggs was an employee of Skilstaf, not of Construction Materials, when he executed the covenant not to compete, we hold that the covenant was not enforceable against Griggs for the benefit of Construction Materials. Because § 8-1-1 provides only for the employer and an employee, agent, or servant to enter a covenant not to compete, the only party that could possibly have standing to enforce the Skilstaf/Griggs agreement would be Skilstaf. However, Skilstaf dismissed its appeal, leaving only Construction Materials to challenge the trial court's judgment. Because it does not fall within any of the exceptions provided in § 8-1-1, we hold that Construction Materials, as a third-party beneficiary of the noncompetition agreement between Skilstaf and Griggs, has no standing to enforce the agreement.
The second claim asserted by Construction Materials, interference with business relations, is not a viable claim, in view of the fact that the covenant not to compete is itself not enforceable by Construction Materials. Defco, Inc. v. DecaturCylinder, Inc., 595 So.2d 1329 (Ala. 1992).
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur.