Pitney Bowes, Inc. ("Pitney"), appeals the summary judgment entered by the trial court in favor of Berney Office Solutions ("Berney"). Because of the continued pendency of other claims between and among these parties and others, the trial court made the summary judgment final and appealable pursuant to Rule 54(b), Ala.R.Civ.P. We affirm.
In the Montgomery County Circuit Court, Thomas W. Morris sued his former employer Pitney for an injunction against the enforcement of a noncompete agreement he had executed before he began his employment with Pitney and for a declaratory judgment that the agreement was void. Pitney counterclaimed to enforce the agreement. Pitney also filed a third-party complaint against Morris's employer Berney and its parent corporation Global Imaging Systems, Inc., to enforce the same noncompete agreement. Berney then moved to dismiss, or in the alternative, for a summary judgment, on the claim by Pitney for enforcement of the noncompete agreement. Berney asserted that § 8-1-1(a), Ala. Code 1975, voided the noncompete agreement because, it said, the agreement did not meet the requirements of § 8-1-1(b), Ala. Code 1975, for an exception to the general rule of § 8-1-1(a) that every contract restraining a lawful profession, trade, or business is void.
After a hearing, the trial court entered a summary judgment in favor of Berney and *Page 661 
made that judgment final and appealable pursuant to Rule 54(b), Ala.R.Civ.P. On appeal, Pitney asserts as its single issue that the trial court erred in holding the noncompete agreement void.
Morris began working as a salesman for Montgomery Office Equipment, Inc. ("MOE"), in 1991. In 1998, Mike Motley, the owner of MOE, began negotiations to sell his corporation to Pitney.
On November 19, 1998, Pitney required Morris and other MOE employees to sign an agreement entitled "Intellectual Property, Confidential Information and Non-Competition Agreement" as a condition to their retaining their jobs when Pitney consummated its prospective purchase of MOE. The agreement provided, in pertinent part:
 "[W]hen my employment with the Company [(Pitney)] ends, I [(Morris)] agree that for a period of one (1) year, I shall not directly, or indirectly through or any business or associate with whom I may be affiliated:
 "a) approach, solicit or accept copier or facsimile business from any of the Company's existing customers in the counties in which the Company currently does business or within fifty (50) miles of such counties;
 "b) approach, counsel or attempt to induce any person who is then an employee of the Company to leave the employ of the Company to engage in activities which are competitive [to] the Company's business; or
 "c) aid or assist any other persona [sic] or corporation to do any of the above."
Pitney paid Morris $7,500 in consideration of his signing the agreement.
Nearly a month later, on December 16, 1998, Motley sold MOE to Pitney. Morris thus became an employee of Pitney at that time. Morris resigned his new employment with Pitney about seven months later, on July 23, 1999. About August 4, 1999, Morris went to work as a commercial sales representative for Berney.
In the ensuing litigation, Pitney claimed that Morris's employment with Berney violated the noncompete agreement. Thus, Pitney sought to enforce the noncompete agreement, and Berney sought to avoid it.
 "Summary judgment is appropriate only when `there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.' Rule 56(c)(3), Ala.R.Civ.P., and Dobbs v. Shelby County Economic Indus. Dev. Auth., 749 So.2d 425
(Ala. 1999). The court must accept the tendencies of the evidence most favorable to the nonmoving party and must resolve all reasonable doubts in favor of the nonmoving party. System Dynamics Int'l, Inc. v. Boykin, 683 So.2d 419 (Ala. 1996). In reviewing a summary judgment, an appellate court, de novo, applies the same standard as the trial court. Dobbs, supra."
Ex parte Kraatz, 775 So.2d 801, 803 (Ala. 2000).
In Sevier Insurance Agency, Inc. v. Willis Corroon Corp., 711 So.2d 995
(Ala. 1998), this Court held "that a nonsolicitation agreement restrains trade and, therefore, that § 8-1-1 applies to such an agreement and that a person may enforce such an agreement only if it falls within the exceptions stated in § 8-1-1(b)." 711 So.2d at 998. "A person or entity seeking to enforce a contract that restrains the exercise of a lawful trade or business has the burden of showing that it is not void under Ala. Code 1975, § 8-1-1." Construction Materials, Inc. v.Kirkpatrick Concrete, Inc., 631 So.2d 1006, 1009 (Ala. 1994). Section8-1-1, Ala. Code 1975, provides, in pertinent part: *Page 662 
 "(a) Every contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind otherwise than is provided by this section is to that extent void.
 "(b) . . . [O]ne who is employed as an agent, servant or employee may agree with his employer to refrain from carrying on or engaging in similar business and from soliciting old customers of such employer within a specified county, city, or part thereof so long as the . . . employer carries on a like business therein." (Emphasis added.)
"Section 8-1-1 expresses the public policy of Alabama disfavoring contracts in restraint of trade; such contracts are disfavored `because they tend not only to deprive the public of efficient service but also . . . to impoverish the individual.'" Construction Materials, 631 So.2d at 1009 (quoting Robinson v. Computer Servicenters, Inc., 346 So.2d 940, 943
(Ala. 1977)). A covenant not to compete that does not fall within the limited exceptions set out by § 8-1-1(b) is void. ConstructionMaterials, 631 So.2d at 1009. See also Livingston v. Dobbs, 559 So.2d 569
(Ala. 1990), and Odess v. Taylor, 282 Ala. 389, 211 So.2d 805 (1968).
Morris signed the noncompete agreement on November 19, 1998. Pitney, which seeks to enforce the noncompete agreement, did not employ Morris until December 16, 1998. The employee-employer exception to the voidness of noncompete agreements does not save a noncompete agreement unless the employee-employer relationship exists at the time the agreement isexecuted. Construction Materials, supra. Absent the employee-employer relationship when the agreement is executed, the agreement is void. Id. The voidness of the agreement in this case did not disappear when Pitney employed Morris almost a month after the signing. Morris did not re-execute the agreement after Pitney employed him.
Pitney argues that Morris's receiving consideration for the noncompete agreement saves it from the operation of § 8-1-1. This statute, however, presupposes noncompete agreements supported by consideration. The Legislature would not need to adopt a statute to void noncompete agreements that were not supported by consideration, as they would be unenforceable for lack of consideration even without the statute. Section8-1-1 voids noncompete agreements that would otherwise fulfill all of the requirements (including consideration) for valid contracts. See SevierIns. Agency, supra, and Calhoun v. Brendle, Inc., 502 So.2d 689 (Ala. 1986).
Finally, the reference in the agreement to "Montgomery Office Equipment, a Pitney Bowes Company" did not supply employer status to Pitney. At the time Morris signed the agreement, MOE was his employer and Pitney was not. Pitney admits the two entities were distinct.
In adopting § 8-1-1, the Legislature has declared the public policy of this state against noncompete agreements. Cherry Bekaert Hollandv. Brown, 582 So.2d 502 (Ala. 1991). Berney has "show[n] that there is no genuine issue of material fact and that [Berney] is entitled to a judgment as a matter of law." Rule 56(c)(3), Ala.R.Civ.P. The judgment of the trial court is due to be affirmed.
AFFIRMED.
Moore, C.J., and Houston, See, Lyons, and Stuart, JJ., concur.
Harwood, J., concurs specially.
Brown, J., recuses herself. *Page 663