BRYAN, Judge.
Roberto Pischek and 37 other residents (“the residents”) of the Town of Silverhill (“Silverhill”) who live in an area of Silver-hill zoned for single-family residences appeal from a summary judgment entered against them by the Baldwin Circuit Court in their appeal from a decision of the Board of Adjustment (“the Board”) of Sil-verhill granting Baldwin Youth Services, Inc. (“BYS”), a special exception allowing it to build a group home for girls in the area of Silverhill where the residents live.[1] We affirm.
*1169 BYS is a nonprofit corporation that, among other things, operates homes for children up to the age of 17 who are in need of supervision. After receiving assurances from the mayor and two members of the city council of Silverhill that it would not have any problem securing the necessary permits to build a group home for girls on a three-acre tract (“the three-acre tract”) in an area of Silverhill zoned R-l, which restricted its use to single-family residences, BYS purchased the three-acre tract in February 2000 for $42,000.
On June 14, 2002, BYS applied to the Board for a special exception from the Silverhill zoning ordinance that would allow BYS to build a residential home for up to 16 girls determined to be in need of supervision by the Juvenile Court of Baldwin County on the three-acre tract. In accordance with the provisions of the Sil-verhill Zoning Ordinance (“the zoning ordinance”), the Planning Commission of Sil-verhill reviewed BYS’s application, its site plan, and its architectural drawings and recommended that the Board deny BYS’s application. After giving the notice to interested parties required by the zoning ordinance, the Board held a public hearing on BYS’s application. Thereafter, the Board denied BYS’s application. BYS did not appeal from that decision of the Board.
On July 17, 2003, BYS applied a second time for a special exception that would allow it to build the group home on the three-acre tract. Although the Board held a public hearing on BYS’s second application, it declined to consider BYS’s second application on the ground that the zoning ordinance made no provision for such a second application. BYS appealed from that decision to the Baldwin Circuit Court (“the circuit court”). The circuit court held that, because the zoning ordinance did not prohibit a second application for a special exception, BYS had a right to make such an application and remanded the matter to the Board with instructions for the Board to afford BYS a full and fair hearing regarding its second application. On remand, the Board held another public hearing regarding BYS’s second application and denied it.
Following the denial of its second application, BYS filed a complaint with the United States Department of Housing and Urban Development (“HUD”) alleging that the Board had discriminated against BYS on the basis of a lack of familial status of the residents who would be living in the group home. The Board and BYS elected to attempt to resolve the complaint through mediation pursuant to federal law. The mediation resulted in the Board and BYS reaching a confidential settlement agreement (“the settlement agreement”). In the settlement agreement, the Board and BYS agreed that, in exchange for BYS’s dismissing its complaint with HUD, the Board would grant BYS a special exception to build the group home on the three-acre tract. The Board instructed BYS to file another application for the special exception, which the Board would set for a public hearing and grant without BYS’s having to appear at the hearing. Accordingly, BYS filed a third application. The Board set the third application for a *1170 public hearing and granted the application without BYS’s appearing at the hearing.
The residents appealed to the circuit court from the Board’s decision to grant BYS the special exception. Thereafter, BYS sought and obtained leave to intervene in the residents’ appeal. The residents moved the circuit court for a summary judgment reversing the Board’s grant of the special exception to BYS, and BYS filed a cross-motion seeking a summary judgment upholding the decision of the Board. The circuit court denied the residents’ summary-judgment motion and entered a summary judgment upholding the decision of the Board to grant BYS the special exception to build the group home on the three-acre tract. Explaining its rationale, the circuit court stated that it had concluded that the settlement agreement was binding on all parties.
The residents timely appealed to the supreme court. Determining that the residents’ appeal was within this court’s appellate jurisdiction, the supreme court transferred the residents’ appeal to this court.
“ ‘We review a summary judgment de novo.’ Potter v. First Real Estate Co., 844 So.2d 540, 545 (Ala.2002) (citation omitted). ‘Summary judgment is appropriate only when “there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.” ’ Ex parte Rizk, 791 So.2d 911, 912 (Ala.2000) (citations omitted).
“ ‘In determining whether the non-movant has created a genuine issue of material fact, we apply the “substantial-evidence rule” — evidence, to create a genuine issue of material fact, must be “substantial.” § 12-21-12(a), Ala.Code 1975. “Substantial evidence” is defined as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).’
“Callens v. Jefferson County Nursing Home, 769 So.2d 273, 278-79 (Ala.2000) (footnote omitted). In deciding a motion for a summary judgment, or in reviewing a summary judgment, the court must accept the tendencies of the evidence most favorable to the nonmoving party and must resolve all reasonable factual doubts in favor of the nonmoving party. Bruce v. Cole, 854 So.2d 47 (Ala.2003), and Pitney Bowes, Inc. v. Berney Office Solutions, 823 So.2d 659 (Ala.2001). See Ex parte Helms, 873 So.2d 1139 (Ala.2003), and Willis v. Parker, 814 So.2d 857 (Ala.2001).”
Hollis v. City of Brighton, 885 So.2d 135, 140 (Ala.2004).
On appeal, the residents argue that the circuit court erred in entering a summary judgment upholding the Board’s decision based on the settlement agreement because, they say, the Board has authority to grant a special exception only if the zoning ordinance authorizes it to do so and, they assert, the zoning ordinance did not authorize the Board to grant a special exception for a group home for girls in an area zoned R-l. However, the zoning ordinance does indeed authorize the Board to grant a special exception that would allow the building of a group home for children under the age of 17 in an area zoned R-l; the zoning ordinance expressly provides that one of the categories of uses that the Board may allow by special exception in an area zoned R-l is an “[ijnstitution for children.” In pertinent part, the Random House Webster’s Unabridged Dictionary 988 (2d ed. 2001) defines “institution” as “1. an organization, establishment, foundation, society, or the like, de *1171 voted to the promotion of a particular cause or program, esp. one of a public, educational, or charitable character: This college is the best institution of its kind. 2. the building devoted to such work.” (Emphasis omitted.) Thus, the term “institution for children” is broad enough to encompass a group home for female children under the age of 17 who are in need of supervision. Therefore, the zoning ordinance authorized the Board to grant a special exception allowing a group home for female children under the age of 17 in an area zoned R-l. Because the ordinance authorized the Board to grant such a special exception, the Board did not exceed its authority in entering into the settlement agreement. Consequently, the circuit court did not err in basing its judgment on the settlement agreement.
The residents’ next argue that the circuit court erred in upholding the Board’s decision to grant BYS a special exception because, the residents say, BYS failed to comply with the procedural requirements of the zoning ordinance in making its third application for a special exception. Specifically, the residents argue that BYS, in making its third application, failed to comply with the requirements of the zoning ordinance that it obtain the Planning Commission’s review of its site plan and architectural drawings before the Board granted it a special exception, that it file a site plan before the Board granted it a special exception, and that it notify interested parties of its third application for a special exception. However, the Board entered into the settlement agreement as a result of a complaint filed by BYS alleging that the Board had discriminated against BYS in denying BYS’s first and second applications. The Board instructed BYS to file a third application as a mere formality. BYS had fulfilled the procedural requirements of the zoning ordinance in making its first and second applications. Therefore, we find no merit in the residents’ argument that BYS had not fulfilled the procedural requirements of the zoning ordinance.
Finally, the residents argue that the Board could not privately agree to grant BYS a special exception that was substantively and procedurally contrary to the requirements of the zoning ordinance. However, as we have explained above, the Board’s granting the special exception was not substantively contrary to the zoning ordinance because the zoning ordinance authorizes the Board to allow “[ijnstitu-tions for children” in areas zoned R-l by means of special exceptions. Moreover, the Board’s granting BYS the special exception was not procedurally contrary to the zoning ordinance because BYS had complied with the procedural requirements of the zoning ordinance in making its first and second applications for a special exception — the third application was a mere formality. Therefore, we find no merit in the residents’ final argument.
Accordingly, we affirm the summary judgment entered by the circuit court upholding the Board’s grant of a special exception to BYS.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, J., concur.
THOMAS and MOORE, JJ., concur in the result, without writings.

. The 37 other residents are Cheryl Pischek, Mike F. Bauman, Emily Kostelecky, George *1169 Strahan, Shirley Strahan, Bobby Shumack, James C. Morton, Thomas Moss, David Yoas, Doris Yoas, Dwight Pelfrey, Linda Pelfrey, William L. Ackis, Pam Ackis, Vera Beuttner, Joseph Schreck, Cissy Schreck, Wayne White, Cathy White, Jim Hinote, Sherry Hinote, Catherine L. Smith, Charlotte Kostelecky, Marjorie Banks, Debbie McAdams, T.A. Box, Patricia Box, Kathy Jackson, Jerome Dear-born, Barbara Dearborn, Irene Forsman, Carmelita Brant, Fran Stanley, Jodi M. Laird, Brian Johnson, Lauree Johnson, and Angela Baldwin.