BRYAN, Judge.
Mary Gooden, the plaintiff below, appeals from a summary judgment in favor of one of the defendants, the Board of Water and Sewer Commissioners of the City of Mobile d/b/a Mobile Area Water and Sewer System (“the Board”). We affirm.
On May 15, 2006, Gooden sued the Board, alleging that she had been injured on May 25, 2004, when she stepped into an uncovered hole containing a water meter (“the hole”) and that the Board’s agents, servants, or employees had proximately caused her injuries by negligently or wantonly failing to keep a cover on the hole or to warn her that the hole was not covered.[1] Answering the complaint, the Board denied liability.
Subsequently, the Board moved the trial court for a summary judgment. The Board asserted, among other things, that it was entitled to a summary judgment because, it said, no evidence existed indicating that its agents, servants, or employees had breached the duties they owed Gooden. Specifically, the Board asserted that, under § 11-47-190, Ala.Code 1975, the duties its agents, servants, and employees owed Gooden were (1) to refrain from negligently or wantonly leaving the hole uncovered and thereby creating a hazard and (2) to place a cover on the hole upon receiving actual or constructive notice that the hole was not covered.[2] See Water Works & Sewer Bd. of Ardmore v. Wales, 533 So.2d 212, 214 (Ala.1988). The evidence before the trial court indicated that the cover was in place on the hole when the Board’s meter reader read the meter on May 4, 2004, the last time an agent, servant, or employee of the Board observed the meter before Gooden’s accident occurred on May 25, 2004. No evidence indicated that the meter reader had *1248 left the cover off the hole after he finished reading it. Moreover, no evidence indicated that the Board had actual or constructive notice that the cover had been removed before Gooden’s accident.
In response to the Board’s assertion regarding the nonexistence of evidence indicating that its agents, servants, or employees had breached a duty they owed her, Gooden submitted evidence tending to prove that a special tool was required to remove the cover; that the Board’s meter reader had to remove the cover in order to read the meter; that the cover weighed 16 pounds, which would prevent a small child from lifting the cover; and that approximately 45% of the meters in the housing project where Gooden’s accident occurred had been without covers at one time or another.
Following a hearing, the trial court entered an interlocutory order granting the Board’s summary-judgment motion. Goo-den then moved the trial court to reconsider its decision to grant the Board’s summary-judgment motion. When the trial court denied her motion to reconsider, Gooden moved the trial court to certify its order granting the Board’s summary-judgment motion as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P., and the trial court did so. Gooden then timely appealed to the supreme court, which transferred her appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
“ ‘We review a summary judgment de novo.’ Potter v. First Real Estate Co., 844 So.2d 540, 545 (Ala.2002) (citation omitted). ‘Summary judgment is appropriate only when “there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.” ’ Ex parte Rizk, 791 So.2d 911, 912 (Ala.2000) (citations omitted).
“ ‘In determining whether the non-movant has created a genuine issue of material fact, we apply the “substantial-evidence rule” — evidence, to create a genuine issue of material fact, must be “substantial.” § 12-21-12(a), Ala.Code 1975. “Substantial evidence” is defined as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.”. West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).’
“Callens v. Jefferson County Nursing Home, 769 So.2d 273, 278-79 (Ala.2000) (footnote omitted). In deciding a motion for a summary judgment, or in reviewing a summary judgment, the court must accept the tendencies of the evidence most favorable to the nonmoving party and must resolve all reasonable factual doubts in favor of the nonmoving party. Bruce v. Cole, 854 So.2d 47 (Ala.2003), and Pitney Bowes, Inc. v. Berney Office Solutions, 823 So.2d 659 (Ala.2001). See Ex parte Helms, 873 So.2d 1139 (Ala.2003), and Willis v. Parker, 814 So.2d 857 (Ala.2001).”
Hollis v. City of Brighton, 885 So.2d 135, 140 (Ala.2004).
The party moving for summary judgment bears “ ‘the burden of production, i.e., the burden of making a prima facie showing that he is entitled to summary judgment.’ ” Ex parte General Motors Corp., 769 So.2d 903, 909 (Ala.1999) (quoting Berner v. Caldwell, 543 So.2d 686, 691 (Ala.1989) (Houston, J., concurring specially))-
“ ‘The manner in which the movant’s burden of production is met depends upon which party has the burden of proof ... at trial....
“ ‘If the burden of proof at trial is on the nonmovant, the movant may satisfy *1249 the Rule 56[, Ala. R. Civ. P.,] burden of production ..., assuming discovery has been completed, by demonstrating to the trial court that the nonmovant’s evidence is insufficient to establish an essential element of the nonmovant’s claim....
[[Image here]]
“ ‘The nonmovant may defeat a motion for summary judgment that asserts that the nonmovant has no evidence to establish an essential element of his claim by directing the trial court’s attention to evidence of that essential element already in the record that was ignored or overlooked by the movant, or may submit an affidavit requesting additional time for discovery, in an attempt to obtain some evidence of that essential element of the claim, in accordance with Rule 56(f), [Ala.] R. Civ. P.
“ ‘If the nonmovant cannot produce sufficient evidence to prove each element of its claim, the movant is entitled to a summary judgment, for a trial would be useless.’ ”
Ex parte General Motors Corp., 769 So.2d at 909 (quoting Berner, 543 So.2d at 691 (Houston, J., concurring specially)).
In the case now before us, the Board met its burden of production by, among other things, directing the trial court’s attention to the nonexistence of evidence indicating either (1) that the agents, servants, or employees of the Board had created the hazard by leaving the hole uncovered or (2) that the agents, servants, or employees of the Board had actual or constructive notice that the hole was uncovered before Gooden’s accident. Therefore, the burden shifted to Gooden to produce substantial evidence indicating that the agents, servants, or employees of the Board either had created the hazard by leaving the hole uncovered or had actual or constructive notice that the hole was uncovered before Gooden’s accident. Gooden produced evidence indicating that a special tool was required to remove the cover; that the Board’s meter reader had to remove the cover in order to read the meter; that the cover weighed 16 pounds, which would prevent a small child from lifting the cover; and that 45% of the meters in the housing project where Gooden’s accident occurred had been without covers at one time or another.
Gooden’s evidence did not constitute substantial evidence indicating that the agents, servants, or employees of the Board had created the hazard because it did not create a reasonable inference that it was more likely that an agent, servant, or employee of the Board created the hazard than it was that a vandal created it. See Hollis v. City of Brighton, 885 So.2d at 140 (“ ‘ “Substantial evidence” is defined as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).’” (quoting Callens v. Jefferson County Nursing Home, 769 So.2d 273, 279 (Ala.2000))). Evidence that a special tool was required to open the cover, if combined with evidence that only agents, servants, or employees of the Board had access to such tools, would have created a reasonable inference that it was more likely that an agent, servant, or employee of the Board created the hazard than it was that a vandal created it, but Gooden did not produce any evidence indicating that only agents, servants, or employees of the Board had access to such tools. Evidence indicating that the meter reader had to open the cover in order to read the meter does not create an inference that the meter reader left the cover off after he or she finished reading the meter. Evidence indicating that the cover weighed 16 pounds creates an inference that only persons who could lift 16 pounds could have removed *1250 the cover, but it does not create an inference that such a person was more likely to be an agent, servant, or employee of the Board than it was a vandal. Evidence indicating that 45% of the meters in the housing complex where Gooden’s accident occurred had been without covers at one time or another does not create an inference that the agents, servants, or employees of the Board left the cover off the hole that caused Gooden’s injury or the other uncovered meters in the housing project. Likewise, none of this evidence creates an inference that the agents, servants, or employees of the Board had actual or constructive notice that the hole was uncovered before Gooden stepped into it.
Accordingly, because Gooden failed to meet her burden of production, the trial court did not err in granting the Board’s summary-judgment motion on the ground that Gooden could not prove that the agents, servants, or employees of the Board had breached a duty they owed Gooden. Although Gooden also argues that the trial court erred because it may have granted the Board’s summary-judgment motion on other grounds that are not supported by the record, we need not consider those arguments because, subject to exceptions not applicable here, we can affirm a trial court’s judgment on any valid legal ground presented by the record even if the trial court did not base its judgment on that ground. See, e.g., Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., 881 So.2d 1013, 1020 (Ala.2003). Accordingly, we affirm the summary judgment in favor of the Board.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Gooden also sued two other defendants; however, because those other defendants are not parties to this appeal, we do not discuss the claims against them.

. In pertinent part, § 11-47-190 provides:
“No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the municipality engaged in work therefor and while acting in the line of his or her duty, or unless the said injury or wrong was done or suffered through the neglect or carelessness or failure to remedy some defect in the streets, alleys, public ways, or buildings after the same had been called to the attention of the council or other governing body or after the same had existed for such an unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council or other governing body ...