BRYAN, Judge,
dissenting.
I respectfully dissent. James Paul Eas-tis argues, among other things, that the trial court erred in concluding that the noncompete agreement was enforceable because, he says, enforcement of the non-compete agreement will cause him an undue hardship.
“Section 8-1-1, [Ala.] Code 1975, provides:
“ ‘(a) Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind otherwise than is provided by this section is to that extent void.
“ ‘(b) One who sells the good will of a business may agree with the buyer and one who is employed as an agent, servant or employee may agree with his employer to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a specified county, city or part thereof so long as the buyer, or any person deriving title to the good will from him, or employer carries on a like business therein.
“ ‘(c) Upon or in anticipation of a dissolution of the partnership, partners may agree that none of them will carry on a similar business within the same county, city or town, or within a *451 specified part thereof, where the partnership business has been transacted.’
“This statute expresses the public policy of Alabama that contracts in restraint of trade are disfavored. See Cullman Broadcasting Co. v. Bosley, 373 So.2d 830 (Ala.1979); Robinson v. Computer Servicenters, Inc., 346 So.2d 940 (Ala. 1977), Hill v. Rice, 259 Ala. 587, 67 So.2d 789 (1953). The courts will not enforce the terms of such a negative covenant unless:
“(1) the employer has a protectable interest;
“(2) the restriction is reasonably related to that interest;
“(3) the restriction is reasonable in time and place;
“(4) the restriction imposes no undue hardship.
“See [Ala.] Code 1975, § 8-1-1; Id.”
DeVoe v. Cheatham, 413 So.2d 1141, 1142 (Ala.1982) (emphasis added).
Paragraphs 9 and 10 of the judgment of the trial court state:
“9. There is no question that [Eastis] is suffering financially and emotionally from his inability to engage in the trade of his choice. Given [Eastis’s] age, physical and emotional limitations, lack of education and inability to engage in other employment [Eastis] makes a compelling argument that the restraint imposes an undue hardship. In determining the reasonableness of contractual provisions in restraint of employment, the question of whether it is reasonable depends upon circumstances, the more important of which are: (1) is the purpose to be obtained a fair and conscionable one; (2) will it do greater harm to the employee than good to the employer; and, (3) if it is reasonable as between the parties, does it so injuriously affect the public as to make it void as against public policy? White Dairy Co. v. Davidson, [283 Ala. 63,] 214 So.2d 416 (Ala.1968).
“10. The real problem [for Eastis], however, is that he accepted $100.00 per week consideration for his promise not to compete against [Veterans Oil, Inc.,] for a period of two years — a sum totaling approximately $20,800.00. It would not be just for [Veterans Oil] not to obtain the benefit of its bargain with [Eastis] since [Veterans Oil], also, was suffering financially at the time it laid off [Eastis].”
(Emphasis added.)
A fair reading of those paragraphs is that, although the trial court found that enforcement of the noncompete agreement would impose an undue hardship on Eas-tis, the trial court nonetheless concluded that the noncompete agreement was enforceable because (1) Eastis had “accepted $100.00 per week consideration for his promise not to compete against [Veterans Oil] for a period of two years” and (2) Veterans Oil “was suffering financially at the time it laid off [Eastis].” My reading of the law, however, is that an employee’s agreement not to compete against his former employer is not enforceable unless the employer proves, see Nobles-Hamilton v. Thompson, 883 So.2d 1247, 1249-50 (Ala. Civ.App.2003) (“‘The burden is upon the person or entity seeking to enforce a contract which restrains a lawful trade or business to show that it is not void under § 8-1-1.’ ” (quoting Calhoun v. Brendle, Inc., 502 So.2d 689, 693 (Ala.1986))), that the agreement imposes no undue hardship on the employee, see Chavers v. Copy Prods. Co., 519 So.2d 942, 945 (Ala.1988) (holding that a trial court had erred in enforcing a noncompete agreement because the noncompete agreement placed an undue hardship on the employee). Accordingly, I would hold in the case now *452 before us that the trial court erred in enforcing the noncompete agreement despite its finding that the noncompete agreement imposed an undue hardship on Eastis.
THOMPSON, P.J., concurs.